## Case No. 9,395.

### MEIER v. KANSAS PAC. RY. CO.

[5 Dill. 476; 6 Reporter, 642; 11 Chi. Leg. News, 41.] [1]

Circuit Court, D. Kansas. 1878.

RAILROAD COMPANIES—RECEIVER — APPOINTMENT —REMOVAL.

1. Principles upon which receivers should be selected stated.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 6 Reporter, 642, contains only a partial report.]

2. A receiver should be an impartial person, not interested in the litigation or the partisan of any of the litigant parties.

[Cited in Wood v. Oregon Development Co., 55 Fed. 902.]

3. Neither a non-resident receiver of a railway corporation, nor more than one receiver, should ordinarily be appointed.

4. Where two receivers were originally appointed as the representatives of different interests which became hostile, leading to dissensions and unnecessary expense, both were removed and a single disinterested resident receiver appointed.

[Cited in Wood v. Oregon Development Co., 55 Fed. 902.]

Motion [by Adolphus Meier] to remove H. Villard, one of the receivers heretofore appointed by the state court, from whence this cause was removed. Mr. Carlos S. Greeley was the other receiver. The circumstances under which they were appointed, the grounds upon which the removal was sought, and the action of the court and the reasons for such action, appear in the opinions of the judges.

J. P. Usher and others, for the motion.
A. H. Holmes and others, opposed.

Before MILLER, Circuit Justice, and FOSTER, District Judge.

MILLER, Circuit Justice. I think the action of Mr. Greeley, in the paper which he sent to the court, relieves the court of the only serious embarrassment which the case presented, namely, the difficulty of removing one of two receivers who had become hostile to each other in their feelings and actions in relation to their duties, thereby leaving the other in sole possession of the field. As no motion was made to remove Mr. Greeley, and as, therefore, no charges against him were properly before us, it would hardly have been just to him for the court to remove him sua sponte. Nor do I think, for reasons which I shall presently suggest, if Mr. Villard was to be removed, and Mr. Greeley remain, that any one should be appointed in place of the former. Mr. Greeley having, with much consideration, expressed to the judges his willingness to give up his receivership if his retaining it would embarrass their actions, we are happily relieved of that difficulty.

I am of opinion that both receivers should be removed, and a single receiver appointed, for the following reasons:

1. The existence of two receivers is unnecessary and embarrassing, even if they were on amicable terms and had but a single place of business at or near the theater of the road's operations. They are obviously unnecessary as regards the successful operation of this road, which I assume to be the principal—if not the only—purpose for which a court should appoint receivers. If they should chance to disagree about the management of the road or the exercise of any functions of their office, as they have done in this

case, the difficulty of the successful or proper discharge of their duties becomes manifest. When, in addition to this want of harmony, they establish separate places of business a thousand miles apart, and neither of them within two hundred miles of the road whose operations they are to control, it is apparent, without argument. that the hand of the court which they are must be, if not paralyzed, rendered very inefficient and uncertain in its grasp and control of the business of the company.

2. There is no necessity and a manifest impropriety in having a receiver located in New York. It is true, many such Western corporations as this have offices in New York, at which much of the financial business of the companies is transacted. But this has always been felt to be a grievance by the people of the West, whose business the road does, and by which alone it can live, and when such a company comes under the control of a court by reason of its insolvency, and a receiver is appointed to take charge of it, such control as the court can exercise over the operations of the road, and in collecting and disbursing its receipts, can be most safely used, exercised, and more strictly under the eye of the court, by an officer residing within its jurisdiction. I think, therefore, on general principles, and on the facts of this case, there was no necessity for a receiver in the city of New York.

3. I am of opinion that the receivership in New York should be abolished in the interest of economy. Its expenses are unnecessary and excessive. No reason can be perceived for the employment of three firms of lawyers —each firm composed of several members— for any business properly pertaining to the receivership [and the expenditure of $42,000 in that office inside of two years seems to me to be unwarranted by any requirements of a receiver's duties].[2]

4. The main argument against any action by the court is that Mr. Greeley and Mr. Villard were appointed by an agreement between the parties interested, and at their instance, because they represented certain classes of lien creditors of the company. and that to remove Mr. Villard would be to sacrifice one of those interests, or at least to leave it unprotected. There can be no doubt that such was the motive which led to the appointment of two receivers instead of one, and there can be as little doubt that it was a mistake to have done this, whatever the motive. But while a court may very properly conform its action in such a matter to the wishes of all the parties interested in the suit, when their wishes harmonize, it must consider for itself what is proper to be done when that harmony is turned into hostility, so that the two receivers represent two hostile camps, each intent upon securing the whole or the larger share of the spoils. It

then becomes a duty of the court to see that its powers are exercised on principles of strict neutrality as regards the belligerents, and this can only be done in this case by removing the representatives of these hostile interests and appointing a receiver who, in feeling and in conduct, will be strictly neutral and strictly honest. The foundation of the agreement by which Greeley and Villard were appointed has given way, and the only possible excuse for appointing two receivers is gone. I have only a word to add.

In my view, a receiver is strictly and solely the officer of the court. By reason of the inability or neglect of the officers of the corporation to conduct its business as it ought to be done, the conduct of that business is taken charge of by the court and carried on by its agent. It is the duty of that agent so to conduct the business as that the lawful rights and legal interest of all persons in the property and in the business shall be protected, as far as possible, with equal and exact justice. This is much more likely to be done by a receiver who has no interest in the capital stock of the road, none in its debts, and no obligations to those who have. Such a person. acting under the control of the court, seeking its advice (as he would be inclined to do in all .questions of doubtful duty), and bound in a sufficient surety for the faithful performance of his duty, is, in my opinion, the proper one for such an office. While it may be true that a large personal interest may stimulate the activity and direct the vigilance of the receiver, it is equally true that such vigilance, whenever occasion offers, will be directed unduly to advancing that personal interest and that activity to securing personal advantages.

For these reasons, I think that the offices of the two receivers should be consolidated into one, that both the present receivers should be discharged, and that one living in the state in which the road mainly lies, and where its business operations are conducted, and who also has the requisite capacity and knowledge of the business. and the honesty and firmness to discharge his duty faithfully, free from the influence of the hostile interest in the case, should be appointed.

FOSTER, District Judge. In addition to what has already been said by Mr. Justice MILLER, I have but a few words to offer. At the time of the appointment of the two receivers in this case, the parties then before the court, or at least the parties controlling the proceedings, plaintiffs and defendants, were acting in harmony, and agreed upon Mr. Villard and Mr. Greeley as the receivers—the former as representing the Denver extension bondholders. and the latter the defendant company and junior securities. The theory of the parties seems to have been that the different interests should be represented and protected by the different receivers. So long as harmony pre-

---

[2] [From 6 Reporter, 642.]

vailed among these diverse interests, no difficulty was experienced in operating the road under this double management, excepting the additional expense of two receivers and the delay occasioned in transacting the business with their offices a thousand miles apart. But, eventually, the different interests antagonized each other, and whether one party or the other is in fault we need not stop to inquire, for we cannot discriminate between these interests in deciding who shall be the receiver of this property. Suffice it to say, the theory upon which these two receivers were appointed has failed in the practical management of the road, and the only clear way out of the difficulty is to go back to the general principles upon which a court acts in taking the custody of property through its receiver. And nothing can be more apparent than that this officer of the court should stand indifferent between the contending parties. He should act on rules of strict neutrality. He should aim to manage and operate the road to the best advantage, neither favoring one party or the other, but leaving all to seek protection and adjustment of their rights through the adjudication of the court. Upon these principles we must act in this case, and the several reasons so clearly stated by Mr. Justice MILLER, and in which I fully concur. demonstrate not only the necessity but the advantages of such a course.

Therefore, an order will be made removing both Villard and Greeley as receivers, to take effect on some day to be named in the near future, and upon the appointment and qualification of a successor, to whom they will deliver possession of all the property (real and personal), moneys. books, and all other effects of the defendant railway company in their hands as receivers. Ordered accordingly.