FARRON *v.* SHERWOOD.

The Code has not changed the former rule of pleading, that a party who has fully performed a special contract on his part may count upon the implied assumpsit of the other party to pay him the stipulated price, and is not bound to declare specially upon the agreement.

APPEAL from the Superior Court of Buffalo. The complaint was: " First. That the defendant is indebted to

the plaintiff in the sum of fourteen hundred and twenty-nine and $\frac{54}{100}$ dollars, for work, labor and services done and performed for the defendant, at his special instance and request, at the city of Buffalo, by the plaintiff and his servants and agents, at divers times between the 8th day of March, 1852, and the commencement of this action, in and about quarrying, dressing, preparing, delivering, putting together and erecting certain building stones, in and about defendant's dwelling on Main-street, in said city of Buffalo, and that the said work, labor and services were reasonably worth the sum of fourteen hundred and seventy-nine and $\frac{54}{100}$ dollars; and that the defendant has not paid the plaintiff the said sum nor any part thereof, but has hitherto wholly neglected and refused so to do. Second. And, for a second cause of action against the defendant, the plaintiff says that the defendant is indebted to him in the sum of thirty-eight and $\frac{4}{100}$ dollars, for certain dressed building stones, before the commencement of this action sold and delivered by the plaintiff to the defendant, at the city of Buffalo, at defendant's special instance and request; that the said building stones were reasonably worth the said sum of thirty-eight and $\frac{4}{100}$ dollars; and that the defendant has not paid the plaintiff the said sum, or any part thereof, but has hitherto wholly neglected and refused so to do. Wherefore the plaintiff demands judgment against the defendant for the sum of fifteen hundred and seventeen dollars and sixty-three cents, besides the costs of this action." The defendant, by his answer, denied each and every allegation of the complaint. The action was tried before a referee. Upon the trial, the plaintiff produced several witnesses, who proved the work, labor and materials specified in a bill of particulars, furnished the defendant, of the plaintiff's claim, and the value of the different items; and then rested. Whereupon the defendant proved payment of $1002, and then proved and read in evidence a special contract between him and the plaintiff, under which the labor, except sixty-

Farron *v.* Sherwood.

four days' labor, worth $2 a day, and altering a buttress, worth $6, was done. Upon the proof and pleadings the cause was submitted to the referee, " the defendant then and there insisting that the plaintiff could not recover but for the extra work, except upon the special contract, which he had neither stated in the complaint nor proved ;" but the referee overruled the objection ; to which the defendant excepted. The referee reported in favor of the plaintiff for $299.55. Judgment having been entered on the report, the defendant appealed to the general term of the Superior Court, by which the judgment was affirmed ; and the defendant thereupon appealed to this court.

*Amasa J. Parker,* for the appellant.

*Asher P. Nichols,* for the respondent.

STRONG, J. The first point made by the counsel for the appellant is, that for the portion of the work and labor done under the special contract, the remedy of the plaintiff was upon that contract ; and that he was not entitled to recover upon the common counts. It is necessarily assumed in support of this position that the contract is the cause of action for that work and labor ; and if that be so, the position is correct ; that cause of action not being stated in the complaint, and the objection being taken at the trial, the referee erred in allowing the part of the plaintiff's claim in question. But the assumption is wholly unwarranted in the case. It was not objected at the trial that the contract had not been fully performed on the part of the plaintiff; no question was raised, and, so far as appears, there was no ground for any question on that subject. Hence it must be deemed that the plaintiff had done all that was incumbent on him to do, and that nothing remained to be done by the contract but payment of the stipulated price by the defendant. The case is therefore within the well settled rule that

where there is a special agreement and the plaintiff has performed on his part, the law raises a duty on the part of the defendant to pay the price agreed upon, and the plaintiff may count either on this implied assumpsit or on the express agreement. A new cause of action upon such performance arises from this legal duty, in like manner as if the act done had been done upon a general request without an express agreement. (*Lawes' Pl.*, 5; *Jewell* v. *Schroeppel*, 4 *Cow.*, 564; *Feeter* v. *Heath*, 11 *Wend.*, 484; *Mead* v. *Degolyer*, 16 *id.*, 637, 638; *Clark* v. *Fairchild*, 22 *id.*, 576.) This rule is not affected by the Code: the plaintiff might, as he has done, rest his action on the legal duty; and his complaint is adapted to and contains every necessary element of that cause of action. It was not necessary to state in terms a promise to pay; it was sufficient to state facts showing the duty from which the law implies a promise; that complies with the requirement that facts must be stated constituting the cause of action. (*Allen* v. *Patterson*, 3 *Seld.*, 476.)

The defendant was not precluded by the form of the complaint from setting up and availing himself of any defence he had under the contract.

All the judges concurring,

Judgment affirmed.