JOHN HIGGINS, Respondent, *v.* THE NEWTOWN AND FLUSHING
RAILROAD COMPANY, Appellant.

(Argued February 23, 1876 ; decided April 18, 1876.)

REPORTED below, 3 Hun, 611.

The complaint in this action claimed to recover for work
and labor performed at the request of defendant, in construct-
ing an embankment and other work upon its road, which it
was averred defendant agreed to pay for at specified rates. It
appeared upon the trial that the work was done under a special
contract, which was put in evidence by plaintiff. By the

contract defendant was to pay for the work at the contract price upon the estimates of its engineer, as certain portions were finished. Plaintiff gave evidence, showing the full completion of the contract on his part; that he had requested the executive committee of defendant's board of directors to send the engineer to measure the work, which they promised to do, but did not; also, that he requested the engineer to make the measurement, which he promised to do, but did not. Defendant's counsel moved to dismiss the complaint, on the ground that the terms of the written contract were not set forth therein, and that it did not aver that the engineer ever made any estimate, nor any performance or waiver of the condition precedent contained in the contract. The motion was denied, and defendant's counsel excepted. Upon the appeal, defendant's counsel claimed that the proof was defective in not showing any estimate or any excuse for not having obtained the same. *Held*, that it was not necessary to determine whether the proof was sufficient to dispense with the estimate, as no point was taken upon the trial presenting the same; the motion to dismiss having been founded solely upon objections to the form of the complaint; and that these were not tenable, as it was settled prior to the Code that a party who had fully performed a special contract for work and materials was not bound to declare upon the contract, but might declare generally for the value of the work, and the contract might be referred to to determine the value, which rule of pleading has not been changed by the Code. (*Farron* v. *Sherwood*, 17 N. Y., 227; *Fells* v. *Vestvali*, 2 Keyes, 152.) Various other questions were disposed of upon the facts in the case.

*Elias J. Beach* for the appellant.

*James W. Covert* for the respondent.

RAPALLO, J., reads for affirmance.
All concur.
Judgment affirmed.