### *In re* STRINGER'S ESTATE.

### *In re* LANG.

*(Supreme Court, General Term, Second Department.　July 2, 1891.)*

EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF CLAIM—BOARD OF DECEDENT.

Decedent owned a house and a small lot of land.　Some four years prior to her death she induced claimant to move on the place, saying that she could not afford to run the place or to board out, and that if he came there she would have a home for life.　Claimant moved on the place, paid the annual taxes, and boarded decedent up to within a few months of her death.　*Held,* that the surrogate erred in rejecting his claim for taxes paid and board furnished decedent, which should have been allowed, subject to a deduction for a fair rent of the premises.　Reversing 11 N. Y. Supp. 900.

Appeal from surrogate's court, Westchester county.

Proceedings for the settlement of the accounts of William Lang, executor of Eliza Stringer, deceased.　From an order disallowing his claim for board of the testatrix and for taxes paid for her the executor appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Arthur T. Hoffman,* for appellant.　*H. T. Dykman,* for respondent.

BARNARD, P. J.　William Lang is an executor of the will of Eliza Stringer, deceased.　The claim is made up of taxes paid and for board of testatrix in the last years of her life.　The claim was rejected by the surrogate.　The claim was proven so far as to call for a judgment for the claimant for some amount.　He paid the taxes, and gave the receipts to deceased.　She asked him to pay the taxes, and they were taxes upon her land.　The claim for board and services was proven also for an amount equal to their value.　The testatrix owned a house and two or three acres of land.　She occupied it herself, with a servant girl and a young man.　The young man was about to leave, and the testatrix sent for Lang, and asked him to move there.　She said to him that she could not afford to run the place, and if he came there she would have a home for a life-time, and that she could not afford to board out.　After some hesitation, Lang consented to move on the place, and after that for some four years he kept up the place, and boarded the deceased until two or three months before her death.　The claim which shall be found to be the difference between the fair rent of the premises, or of that part of the same which Lang occupied, and the value of the board should be allowed.　There is no proof that there was any special contract between the parties.　There is a great conflict as to the facts which would go to the amount of the claim.　No finding is made as to the claim itself.　It is simply found that there was a special contract between the parties, that it is not proven what it was, and that, therefore, the claim be rejected.　An executed special contract may be sued upon generally, and the contract price will control the amount of the recovery.　*Higgins* v. *Railroad Co.*, 66 N. Y. 604.　The proof shows a cause of action, and a legal implication arises that the deceased promised to pay for what was furnished.　There is expressed proof of a promise.　The deceased accompanied the request by the statement that the claimant would lose nothing by coming.　The decree should be reversed, and the proceedings remitted to the surrogate for a rehearing, with costs to abide event.