(5 App. Div. 408.)

HARTLEY v. MURTHA et al.

(Supreme Court, Appellate Division, First Department.    May 22, 1896.)

CONTRACTS—WAIVER OF CONDITIONS.

    A provision in a building contract that payments should be made to the contractor "provided that in each of the said cases a certificate shall be obtained from and signed by the said architects" is waived where the owner of the premises, in an action against her by the contractor, did not, at the trial, raise the objection that a certificate had not been obtained when the action was brought, and had made payments under the contract without requiring the certificate.

Appeal from special term, New York county.

Action by James Hartley against Sophia E. Murtha and others. The complaint was dismissed on the merits, and plaintiff appeals. Reversed.

The action was brought for the foreclosure of a mechanic's lien.    The defendant Murtha was the owner of the premises.    On the 14th day of March, 1893, she leased them to P. J. O'Neil, for 15 years.    On the same day, O'Neil, through a third party, assigned the lease to his wife, Mary A. O'Neil.    On the 10th day of May, 1893, the husband, acting really as agent for his wife, but in his own name, made a contract with the plaintiff to furnish materials and make alterations upon the premises, for the agreed price of $2,575. Under this contract, and with the consent of the owner, the plaintiff furnished the materials and performed and completed the work contracted for.    On the 29th day of July, 1893, O'Neil paid plaintiff, on the contract, $1,000 in cash.    On the 11th day of August, 1893, O'Neil gave the plaintiff, on account of the contract, a note for $1,000, made by his wife, and indorsed by himself.    The materials were all furnished, and the work completed, in September, 1893, except some few things done thereafter, but before the action was begun.    The lien was filed September 5, 1893.    The action was commenced March 14, 1894.    The contract provided that the plaintiff should furnish the materials, and do the work, "to the satisfaction and under the direction of the said architects, to be testified by a writing or certificate under the hand of the said architects, * * * for the sum of $2,575, * * * and O'Neil * * * shall pay * * * the said sum: * * * First, when the store fronts are in and glazed, the stairs stepped up, and the standing trim on, $1,275; second, and last, when all the work is completed according

to the plans and specifications, and the satisfaction of the owner and architects, the balance of $1,300,—provided that in each of the said cases a certificate shall be obtained from and signed by the said architects." Under the date of January, 1894, the architects made a certificate that the plaintiff had fully completed the work according to the contract. This certificate was delivered to the plaintiff, and was produced and put in evidence at the trial without objection. It was not, however, delivered to the plaintiff, as a matter of fact, until after the action was commenced. The court so found, and the evidence, though not clear, very likely justified that finding. The court determined in favor of the plaintiff all the facts essential to a recovery in the action, except the fact of having the architects' certificate before the commencement of the action, and as to that question the decision was: "At the time of the commencement of the action, the plaintiff was not in a position to begin the same, for the reason that the architects' certificate called for by the contract had not been furnished to the defendant P. J. O'Neil, and for that reason the action must fail." And in his opinion the learned trial judge said: "The building contract provided, however, that payment shall be made upon the production of an architect's certificate. No such certificate was given until after this action was commenced. Therefore at that time no demand could properly be made, * * * and no action for the foreclosure of the lien could properly be brought until the sum for which the lien was filed was due."

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

T. M. Tyng, for appellant.
Hamilton R. Squier and Michael F. Fennelly, for respondents.

WILLIAMS, J. The plaintiff did not set out the contract in his complaint, but proved it on the trial, and sought to recover pursuant to the terms thereof. He was not bound, as a matter of pleading, to declare upon the contract, but might declare generally for the materials furnished and work performed, and on the trial the contract might be used to determine the rights of the parties. Hogan v. Laimbeer, 66 N. Y. 604. It is not necessary to consider the question whether the $1,000 note was to be regarded as a payment on the contract or not, as the court held that the plaintiff had no right to recover or establish his lien for anything. There may well be a question whether, in fact, the note was delivered as payment, or simply as additional security. That question can be considered and determined upon another trial, which we are inclined to order.

The only question to be determined now is whether the court was justified in dismissing the complaint, upon the ground that the architects' certificate had not actually come into the plaintiff's custody before the action was commenced. Before the action was commenced, the contract had concededly been complied with fully, so far as the furnishing of the materials and the performing of the work were concerned. By the decision of the trial court, the plaintiff was defeated wholly in his action, because the architects' certificate had not been delivered to the plaintiff before he commenced his action. The contract did not provide, as the decision and the learned justice's opinion seem to imply, that the certificate should be furnished or produced to O'Neil before the payments became due. It merely provided that the work should be done to the satisfaction of the archi-

tects, to be testified by the certificate, and the payments should be made when the work was completed to the satisfaction of the architects, and that the certificate should be obtained. The question, therefore, is reduced to this: Could the plaintiff's cause of action be defeated merely because the certificate was not procured by the plaintiff before the action was commenced? It bore date prior to the commencement of the action. Its date was January, 1894. It seems not to have been delivered to the plaintiff until after the commencement of the action. Whether, however, under the peculiar language of the contract, the actual delivery of the certificate to the plaintiff before the commencement of the action was a condition precedent to the right to demand payment of the money, or to maintain the action, the certificate having actually been made by the architects before the action was commenced, and having been produced by the plaintiff at the trial, we do not deem it essential to determine upon this appeal. No question was raised upon the trial, so far as the record discloses, as to the failure to obtain or furnish the certificate. There was no motion to dismiss the complaint upon any such ground, and the plaintiff's attention was not called to any such question. It may have been argued at the time of the submission of the case to the court, but the record does not disclose the fact that it was. The first suggestion of this question in the record was in and by the opinion and decision of the court. If such question had been raised at the trial, it might have been obviated by proof of a waiver of the alleged condition. Indeed, the evidence, as it is, would justify a finding that there was such a waiver. The contract required a certificate to be made as a condition of the payment of the first as well as the last installment for the work and materials, and yet the $1,000 in cash was paid and the $1,000 note was given without requiring the certificate, and, when this action was begun, O'Neil made no objection by reason of the nonproduction of the certificate. He did not ask that a certificate be obtained. He said nothing whatever about a certificate, but contented himself with complaining about the work itself. These facts, fairly construed, would have justified finding a waiver of the condition precedent of furnishing a certificate, even if such condition, under the terms of this contract, existed. It seems to us that, upon the facts disclosed in this case, the learned trial court erred in dismissing the complaint on the merits. The materials had all been furnished, and the work had all been properly done, before the action was commenced. The plaintiff was entitled to be paid the balance of the contract price, whatever it was, and to have his lien established therefor. The ground of the dismissal of the complaint was merely technical, and cannot be sustained upon the facts disclosed upon the trial and the conduct of the trial.

The judgment appealed from should be reversed, and a new trial ordered, with costs of the appeal to the appellant to abide event. All concur.