### McLAUGHLIN et al. v. ENGELHARDT.

(City Court of New York, General Term. January 26, 1900.)

CONTRACTS—QUANTUM MERUIT—PLEADING—ELECTION.
    Where a written contract had been fully completed, and was referred to on the trial of an action for services rendered thereunder only to prove value, it was not error for the court to refuse to compel plaintiff to elect as to whether he would proceed under a count in his complaint based on such contract, or on another count, alleging a quantum meruit.

Appeal from trial term.

Action by one McLaughlin and others against one Engelhardt for services rendered under a contract. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before O'DWYER and HASCALL, JJ.

William Sutphen, for appellant.
Stoddard & Thomas, for respondents.

O'DWYER, J. This is an appeal from a judgment in favor of plaintiff entered upon verdict directed by the court. The burden of the ap-

peal is twofold,—the refusal of the court, before the introduction of testimony, to compel an election by plaintiffs as to whether they would proceed as for quantum meruit, or upon special contract, and the exceptions to the admission or rejection of evidence in the progress of the trial. It is quite the correct practice now, in the tendency to simplification of allegation and proof that our laws encourage and due administration enjoins, to see to it that repetition of charges or counts for the same cause of action or the same demand be not permitted in the pleading, and hence not in the evidence. In the case at bar, defendant made his motion at the trial to compel just such an election. This motion was denied, under proper consideration; and the testimony subsequently admitted, to which exception is taken, was in view of the fact that if a special contract were pleaded as a fact proving value, and not as an alternative in a declaration as for quantum meruit, plaintiffs were availing themselves of its use only as such proof of value, since the contract was already fully performed. Thus, the decision upon the motion of defendant and the subsequent conduct of the trial brought the case well within the authority of Higgins v. Railroad Co., 66 N. Y. 604, and made the written agreement competent proof upon the one point of value. We find, upon examination of the exceptions taken by defendant that, in great part, they are dependent upon the special contract thus alluded to, its admissibility, application, and bearing, and must therefore be decided in favor of plaintiffs, while the others do not change our view upon the whole case.

Judgment and order appealed from affirmed, with costs and disbursements.

HASCALL, J., concurs.