(77 App. Div. 295.)

SHIRK v. BROOKFIELD et al.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. WORK AND LABOR—QUANTUM MERUIT—PLEADING AND PROOF.

Where a complaint in an action for services alleged that the services were reasonably worth a certain sum, and that defendants had agreed to pay plaintiff such sum therefor, plaintiff was entitled to show the nature of the services, the extent thereof, the circumstances under which they were rendered, and their fair value.

2. SAME—EVIDENCE.

In an action on a quantum meruit for services rendered, the written contract under which the services were rendered may be shown to determine the value of the services.

3. SAME—RECEIVERS—AGENTS—AUTHORITY.

Where receivers appointed to operate a business were without practical knowledge thereof, and employed an agent to conduct the business, such agent was authorized to contract for services to be rendered in its management and a contract so made was binding on the receivers.

4. SAME—EVIDENCE.

Receivers were appointed to manage the business of a corporation, and they appointed B. to conduct the same. B. thereafter employed plaintiff as general manager, agreeing to pay a fixed salary of $7,000 per year, and that, if the profits of the business exceeded $400,000 per annum, to pay plaintiff $15,000. The receivers thereafter wrote plaintiff, confirming a conversation had with them, and appointing him manager of the business outside of finances, which were in the hands of B. *Held* that, plaintiff having fulfilled his part of the contract, and caused the profits of the business to exceed $400,000, he was entitled to compensation at the increased rate.

5. SAME—WRITTEN CONTRACT—EVIDENCE.

Where a letter written by receivers of a corporation appointed plaintiff manager of the business, and directed him to co-operate with the receivers' treasurer, but was silent as to the salary plaintiff was to receive, evidence of an arrangement previously entered into between plaintiff and the treasurer was admissible to show the compensation agreed on.

6. SAME—AUTHORITY OF AGENT—ESTOPPEL.

Where the agent of receivers agreed that plaintiff should receive $7,000 per year for his services, and, in case the profits of the corporation under plaintiff's management exceeded a certain sum, plaintiff should receive $15,000, and the profits exceeded such sum, the receivers, in an action by plaintiff to recover the reasonable value of the services, having pleaded the special contract at the rate of $7,000 a year as made by the agent, were estopped to deny such agent's authority to make the conditional part of the agreement.

7. SAME—VALUE OF SERVICES—EXPERTS.

In an action for services as general manager of a milling company, evidence of experts as to the value of services such as those rendered was admissible.

8. SAME—CO-RECEIVERS—STATEMENTS BY EACH—ADMISSIBILITY.

Where two receivers jointly appointed to manage the business of an insolvent corporation employed plaintiff as general manager, conversations in respect to plaintiff's services, and of the compensation therefor, with either of such receivers, was admissible, though not made in the presence of the other.

Action by Charles F. Shirk against William Brookfield and an= other, as receivers of the Hecker-Jones-Jewel Milling Company. A

¶ 7. See Evidence, vol. 20. Cent. Dig. § 2331.

judgment was rendered at the close of plaintiff's case dismissing the complaint, and a motion for new trial on exceptions was ordered to be heard at the appellate division in the first instance. Motion granted.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Geo. H. Fletcher, for the motion.
William V. Rowe, opposed.

HATCH, J. The plaintiff in the action seeks to recover the value of work, labor, and services performed at the special instance and request of the defendants upon the theory of a quantum meruit. By the allegations of the complaint and the proof given upon the trial it appears: That the defendants Brookfield and Kimball were appointed receivers of the Hecker-Jones-Jewel Milling Company under an order made by the chancellor of the state of New Jersey in an action pending therein between Joseph A. Knox, as plaintiff, and the Hecker-Jones-Jewel Milling Company, as defendant, and that on the same date, by an order made by Judge Lacombe, of the circuit court of the United States for the Second judicial district, upon the application of the plaintiff in the before-mentioned action, said persons were duly appointed receivers of the property of the said milling company, situate within the Southern district of New York. That the said receivers qualified as such, and entered upon the performance of their duties and conducted the business carried on by the Milling Company. That between the 1st day of March, 1900, and the 22d day of May, 1901, the plaintiff rendered services to the defendants, as receivers aforesaid, and at their request, as general manager of the milling department of said milling corporation. That said services were reasonably worth the sum of $18,416.66, being at the rate of $15,000 per year, which sum the defendant receivers agreed to pay plaintiff therefor. That no part of the same has been paid, except $9,042.18, and that there now remains due to the plaintiff the sum of $9,374.48, with interest from the 22d day of May, 1901. That plaintiff has demanded of the said receivers such sum, and that said receivers have refused and neglected to pay the same. That by orders of the chancellor of the state of New Jersey and of Judge Lacombe of the circuit court of the United States plaintiff was authorized to bring an action for the recovery of the sums claimed to be due him against the receivers. The complaint demands judgment for the said amount, with interest and costs.

An answer was interposed by the receivers, in which they denied that the said sum averred in the complaint is due to the plaintiff, or any other sum, and alleged that they have paid the plaintiff in full for all services rendered by him. The answer further avers that on or about the 22d day of March, 1900, the defendants, as receivers, personally employed plaintiff as general manager of their business at an agreed compensation of $7,000 per annum, such employment to be determinable at the pleasure of the defendants; that the plaintiff accepted said employment, and acted as general manager until about the 22d day of May, 1901, when he was paid in full and dis-

charged; and that the defendants are not indebted to him in any sum whatsoever. The answer further avers a counterclaim to recover the sum of $472.72, which it is claimed the plaintiff drew from the business conducted by the receivers in excess of any sums which were due and owing to him, and demanded judgment against the plaintiff that the complaint be dismissed, and that the defendants recover said sum, with interest. At the close of plaintiff's proof the defendant moved to dismiss the complaint, and the court granted the motion, and ordered the exceptions appearing in the case and taken upon the granting of the motion to dismiss to be heard at the appellate division in the first instance.

The testimony on the part of the plaintiff tended to establish that, after the appointment of the receivers as aforesaid, they employed one Ballou to take charge of the business, and conduct the same, and that subsequently the plaintiff had a conversation with Ballou, in which he stated that the business should make $300,000 per annum, and that, if handled carefully, it might make $400,000. Ballou thought the amount which the business could earn, as thus estimated, was excessive; but he finally agreed with the plaintiff that, if the business made approximately $400,000 a year, he would pay the plaintiff for services at the rate of $15,000, and, in any event, would pay him a fixed salary of $7,000 per annum. Plaintiff also met the receivers about the same time, and had a conversation with them with respect to managing the business, in which the plaintiff expressed himself as being able, by making certain changes in the conduct of the business, and dispensing with the services of a number of high-priced people, who were drawing salaries from the corporation, to make the business very profitable. On or about the same day on which this conversation was had, the defendants wrote to the plaintiff the following letter (omitting the address and signatures):

"New York, March 23, 1900.

"Dear Sir: Confirming our conversation of even date, you are hereby appointed manager of the business of the Hecker-Jones-Jewel Milling Co., now in our hands as receivers. As such manager, you have general charge of the business outside of the finances. In view of the limited money resources of the receivers, it will be necessary for you to carefully advise yourself as to the condition of the treasury, which information you will receive from the treasurer for the receivers, who is instructed to work in close harmony with you. Your employment in this capacity is at the pleasure of the receivers."

The treasurer referred to in this letter was Mr. Ballou, with whom the defendant claimed to have talked prior to meeting the receivers. Thereupon the plaintiff entered upon the course of his employment, organized the business, and in the conduct of the same the milling company, between March 1, 1900, and March 1, 1901, earned as gross profits $412,971.21, after payment of all ordinary expenses of the business. On May 22, 1901, the receivers discharged the plaintiff from his employment.

The motion to dismiss the complaint was based upon the ground, principally, that there was an utter lack of authority upon the part of Ballou to make a contract for the plaintiff's compensation, and that the contract as made fixed the measure of compensation at $7,000 a

year, which had been fully paid and discharged. Under the issues as framed between these parties, the plaintiff claimed to recover on a quantum meruit, and the defendant averred a special contract, which had been fully discharged by payment. It is the settled law that under a declaration on a special contract, if the proofs fail in establishment of it, but do in fact show the rendition of services, a recovery may be had upon a quantum meruit. Farron v. Sherwood, 17 N. Y. 227; Taylor v. Pinckney, 3 N. Y. St. Rep. 158; Sussdorff v. Schmidt, 55 N. Y. 319. Under the averments of this complaint it appears that the services were reasonably worth the sum of $18,416.66, and that the defendant receivers had agreed to pay the plaintiff for his services such sum. This authorized the plaintiff to give evidence showing the nature of the services and the extent thereof, the circumstances under which they were rendered and their fair value; and the contract which was made may also be shown in determining the value of the services rendered. Higgins v. Railroad Co., 66 N. Y. 604; Hartley v. Murtha, 5 App. Div. 408, 39 N. Y. Supp. 212. Upon the proof as it stood when the plaintiff rested, the plaintiff became entitled to recover upon a special contract for an agreed compensation at the rate of $15,000 per year, or upon a quantum meruit. The proof in the case tended to establish that the receivers had continued Ballou as the treasurer of the corporation, and, as the receivers were without practical knowledge in the conduct of the business, Ballou was authorized by them, as the proof tended to establish, to conduct the business. Under such circumstances he would be authorized to contract for services to be rendered in and about the management of the affairs of the corporation. If this view is to be adopted, then it appears that the plaintiff fulfilled upon his part by causing the profits of the business to exceed in amount the approximate profits upon which his compensation at $15,000 a year was dependent. If it be said, however, that the proof was insufficient to establish Ballou's authority (which we do not concede), then the plaintiff is limited to the contract which he made with the receivers. This is in writing, is clear in its terms, but fails in expression of the compensation to be paid. The arrangement between Ballou and the plaintiff was competent proof upon such subject. It bore directly thereon, had reference to the subject-matter, and came from a person entirely familiar with the business; and, if such testimony be believed, it authorized a recovery for the full amount of the plaintiff's claim, and was for all practical purposes conclusive upon such subject. The defendants occupied a peculiar position in this connection. By their answer, they insist upon a special contract at the rate of $7,000 per year, and relieved themselves from liability by showing payment. The contract, which was written and signed by the receivers, does not specify that sum, or any other, as compensation to be paid; consequently reference to it is inconclusive upon that subject. The defendants are, therefore, limited in support of the special contract for $7,000 per year compensation to the agreement made with the plaintiff by Ballou, as there is no other evidence in this record showing any other contract than such as is expressed in these items. The defendants, under this condition, are driven into an anomalous position. In one breath is asserted a special contract for $7,000, and

in the next is repudiated the authority of Ballou to make any contract. If Ballou had no authority to contract, the receivers had. They made one, and the evidence of the arrangements with Ballou is competent as bearing upon the value of that contract to the plaintiff, whether it be taken for anything else or not. If the defendants stand upon the special contract for $7,000 compensation, it was made by Ballou; and, if they adopt his authority to that extent, they are bound to ratify it in toto, so far as it related to that subject-matter. In any view, therefore, which is taken of this subject, it is evident that the contract with Ballou was competent evidence as showing the value of the services under the contract made with the receivers, and conclusive as to the amount, if believed. The defendants are bound to accept the entire arrangement made by Ballou with the plaintiff, or none of it. It cannot stand upon a part and repudiate the remainder. It was complete and entire; was one conversation, one arrangement; and the adoption of a part is a ratification of the whole, as it necessarily involves the ratification of Ballou's authority to make it. The testimony of competent and skilled experts, having knowledge of the business and the value of the services rendered by the plaintiff, was also competent, and should have been received. Mercer v. Vose, 67 N. Y. 56; Jackson v. Railroad Co., 2 Thomp. & C. 653, affirmed on appeal 58 N. Y. 623. As the receivers had contracted with the plaintiff, it is evident that conversations had with either or both in respect to the subject-matter of the services and of the compensation therefor were competent. To hold that both receivers must be present and participate in a given action with reference to the management and control of the receivership property seriously affects the right of the plaintiff to show what he did in connection with the business, and the authority therefor. Each receiver was equal in authority to the other, and would have the right, in the ordinary conduct of the business, to give directions concerning it, and both need not be present or participate therein in order to authorize action thereon. If differences arise between them, it does not deprive either of authority to act. They are the representatives of the court and the act itself, if within the power of the receiver to do, will be upheld. This certainly must be the rule where the power to act exists, and the action itself is within their power, and has not been repudiated, either by themselves or the court. Where receivers become hostile, the court can intervene to remove them, and appoint another. Meier v. Railway Co., 5 Dill. 476, Fed. Cas. No. 9,395. But the act of a receiver, lawful in itself, and within his powers, may be upheld, and persons are justified in dealing with the receiver to that extent. Indeed, in the present case the proof shows that the discharge was made by one receiver acting alone, and, unless this rule be sustained, then it would follow that such receiver had no power to dispense with the services of the plaintiff. The defendants rely upon this act, and ask the court to give effect to it, and the plaintiff asks that he be permitted to invoke a like rule. It is clear that the defendants cannot invoke the benefits in one case and deny power in another.

There were numerous rulings by the court upon the trial in sustaining the objections interposed by the receivers, which we think was error. The disposition of such objections, however, is mainly covered

by the views we have expressed in this opinion, and need not now be
further considered.

We conclude that the exceptions should be sustained and the mo-
tion for a new trial be granted, with costs to the plaintiff to abide the
event. All concur.