### SHAW v. HOTCHKISS et al.

(Circuit Court, N. D. New York. March 2, 1906.)

ACTION—PLEADING SEPARATE CAUSES OF ACTION.

> In an action to recover for services rendered by plaintiff to defendants, in addition to alleging an express agreement by defendants to deliver to plaintiff specific property in payment therefor, the breach of such agreement, and the value of the property, plaintiff may also allege the reasonable value of the services rendered and recover on a quantum meruit, should the evidence fail to establish the special contract, and such allegation does not render the complaint demurrable as stating two separate and inconsistent causes of action.

On Demurrer to Complaint.

Demurrer to plaintiff's complaint, on the ground that two inconsistent causes of action are improperly united, viz.: (1) On a special contract by which plaintiff was to perform certain services and receive as compensation therefor certain specific stock in a certain corporation which defendants

refused to deliver, whereby, it is alleged, plaintiff sustained damages in the sum of $23,800, the alleged value of the stock; and (2) on a contract for the performance of such services by defendant and an agreement to pay therefor, and, by implication, to pay what such services were reasonably worth. The claim is that such causes of action are stated in the complaint, and that they are inconsistent with each other.

Miller & Fincke, for plaintiff.
Curtiss, Arms & Keenan, for defendants.

RAY, District Judge. In substance, the complaint alleges, in various numbered paragraphs, that defendants employed plaintiff to perform certain services, among other things services in and about the organization of a certain corporation, and that they agreed to pay plaintiff certain moneys and to give him certain shares of the stock of the corporation as compensation therefor; that the services were performed, the stock issued, and the money paid; and that the stock was worth, and of the value of, $23,800. The complaint then alleges:

"Fourteenth. Plaintiff further alleges that on or about the 27th day of December, 1904, at the city of Binghamton, N. Y., he duly demanded of defendants and each of them the performance of said agreement to deliver to plaintiff $17,000.00 at par, of the stock of the Snake River Valley Sugar Company, Limited, and defendants neglected and refused to deliver the same, and still neglect and refuse to deliver the same or any part thereof, to the damage of plaintiff in the sum of $23,800.00, with interest thereon from the date of said demand.

"Fifteenth. Plaintiff further alleges that he has kept and performed all the covenants and conditions by him to be kept and performed under and by virtue of said agreement between plaintiff and defendants, and has done all things to be done and performed by him thereunder.

"Sixteenth. Plaintiff further alleges that the services hereinbefore set out and performed by him for and on behalf of said defendants, and at their request, were and are reasonably and fairly worth the sum of $23,800.00, which sum became due therefor on the 27th day of December, 1904.

"Wherefore plaintiff demands judgment against the defendants in the sum of $23,800.00, with interest thereon from the 27th day of December, 1904, besides the costs of this action."

The complaint does not anywhere state that there was an agreement to pay what the services were reasonably and fairly worth. The complaint does specifically allege that the agreement was to pay certain moneys and deliver a certain number of the shares of the stock in question. Two separate and distinct causes of action are not stated in this complaint. But one cause of action is stated, viz.: An agreement by plaintiff to perform services for defendants; an agreement by defendants, in consideration therefor, to pay a certain fixed and definite compensation therefor; the performance of the contract by the plaintiff; a refusal to perform, or a breach of the contract by defendants; and the fact that by reason of defendants' failure to perform the plaintiff has sustained damages. Plaintiff says that these damages were $23,800, the value of the stock agreed to be delivered in payment and not delivered, or the value of the services rendered, which was $23,800, the same as the value of the stock. He says his damages may be measured by the value of the stock agreed to be delivered, or by the fair and reasonable value of the services, and that he, after setting forth the contract as he alleges it to have been, may allege both the special value agreed upon and the reasonable

value and give proof of both, in case defendants deny that a special sum was agreed to be paid. The plaintiff does not allege that the defendants agreed to pay for the services by giving him the stock, and also by paying him the reasonable value thereof; but he does claim that the defendants engaged him to perform the services and agreed to pay in a certain way by giving him a specific thing; that, even if he establishes by a fair preponderance of evidence only the fact that he performed the services at the request of defendants, he is not to . be defeated in the action, as in that case the law entitles him to recover what the services were reasonably worth, and that therefore he may allege such value so that, if defendants take the position that he can recover on a quantum meruit only, they will have notice of his claim on that question and be ready to contest it without resort to a new action or an amendment of the complaint.

That this form of pleading in such cases is permissible and proper is well settled. Sussdorff v. Schmidt, 55 N. Y. 319–324; Baumann v. Manhattan Consumers' Brewing Company, 97 App. Div. 470, 89 N. Y. Supp. 1088; Shirk v. Brookfield et al., 77 App. Div. 295–298, 79 N. Y. Supp. 225; Farron v. Sherwood, 17 N. Y. 227; Taylor v. Pinckney, 3 N. Y. St. Rep. 158; Higgins v. N. & F. R. R. Co., 66 N. Y. 604; Hartley v. Murtha, 5 App. Div. 408, 39 N. Y. Supp. 212; Marsh v. Holbrook, 3 Abb. Dec. 176; Longprey v. Yates, 31 Hun (N. Y.) 432; Schuyler v. Peck (City Ct. N. Y.) 8 N. Y. Supp. 849; A. E. Tiling Co. v. Reich (City Ct. N. Y.) 11 N. Y. Supp. 776; Evans v. Kalbfleisch (N. Y.) 16 Abb. Prac. (N. S.) 13.

In Sussdorff v. Schmidt, supra, the court said:

"(1) The complaint contains sufficient averments to enable the plaintiff to recover the value of the services rendered, without reference to the allegation of an agreed compensation. (2) At most it was only a variance between pleading and proof, which might be disregarded unless it misled the defendants, which was not pretended. Code, § 169. (3) This objection was not taken at the trial. The exception to that part of the charge authorizing the jury, if they found that no specific sum was agreed upon, to find the value of the services, was too general to raise this question. The attention of the court should have been called to the point, as, if valid, it might then have been obviated by an amendment."

In Baumann v. Manhattan Consumers' Brewing Company, supra, the court said:

"The proof failed to establish with certainty the existence of the express contract as counted upon in the complaint. Upon this subject the court charged the jury: 'If there was no usual commission, if there was no usual contract, the plaintiff must fail because he does not sue on a quantum meruit. He does not sue for what his services were reasonably worth. The question is not open to you to determine what his services were reasonably worth. He must satisfy you that there was a usual commission and that he has earned that. * * * Upon the other side * * * witnesses * * * testified that * * * there was no usual commission, and, if you determine upon the weight of evidence that the plaintiff has not satisfied you that there was a usual commission, then he must fail, because having come into court upon a certain state of facts, as alleged in his complaint, he must stand or fall upon that complaint.' To this charge the plaintiff excepted. The charge as made was erroneous. It was decided by this court, in Shirk v. Brookfield, 77 App. Div. 295, 79 N. Y. Supp. 225, that, where the complaint counts upon a special contract and the plaintiff fails in establish-

ment of the same, but does show that in fact services were rendered, he may recover upon a quantum meruit. Such rule has long been the settled law. Sussdorff v. Schmidt, 55 N. Y. 319."

In Shirk v. Brookfield, supra, the court said:

"The motion to dismiss the complaint was based upon the ground principally that there was an utter lack of authority, upon the part of Ballou, to make a contract for the plaintiff's compensation, and that the contract as made fixed the measure of compensation at $7,000 a year, which had been fully paid and discharged. Under the issues as framed between these parties, the plaintiff claimed to recover on a quantum meruit, and the defendants averred a special contract, which had been fully discharged by payment. It is the settled law that under a declaration on a special contract, if the proofs fail in establishment of it, but do in fact show the rendition of services, a recovery may be had upon a quantum meruit. Farron v. Sherwood, 17 N. Y. 227; Taylor v. Pinckney, 3 N. Y. St. Rep. 158; Sussdorff v. Schmidt, 55 N. Y. 319. Under the averments of this complaint, it appears that the services were reasonably worth the sum of $18,416.66, and that the defendant receivers had agreed to pay the plaintiff for his services such sum. This authorized the plaintiff to give evidence showing the nature of the services and the extent thereof, the circumstances under which they were rendered and their fair value; and the contract which was made may also be shown in determining the value of the services rendered. Higgins v. N. & F. R. R. Co., 66 N. Y. 604; Hartley v. Murtha, 5 App. Div. 408, 39 N. Y. Supp. 212. Upon the proof as it stood when the plaintiff rested, he became entitled to recover upon a special contract for an agreed compensation at the rate of $15,000 per year, or upon a quantum meruit. The proof in the case tended to establish that the receivers had continued Ballou as the treasurer of the corporation, and, as receivers were without practical knowledge in the conduct of the business, Ballou was authorized by them, as the proof tended to establish, to conduct the business. Under such circumstances, he would be authorized to contract for services to be rendered in and about the management of the affairs of the corporation. If this view is to be adopted, then it appears that the plaintiff fulfilled upon his part, by causing the profits' of the business to exceed in amount the approximate profits upon which his compensation at $15,000 a year was dependent."

Instead of alleging two inconsistent causes of action the plaintiff alleges but one cause of action, and alleges the special agreement to pay for the services by giving him a particular thing of a specified par value; and he then alleges the actual value of that thing and the refusal to deliver as agreed, and adds that the services rendered were actually and reasonably worth that sum. Within the authorities cited this is proper.

The demurrer is overruled, but defendants may answer within 30 days after service of a copy of the order entered pursuant hereto.