### PEOPLE v. BROOKLYN BANK IN CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Third Department. March 19, 1908.)

1. RECEIVERS—MANAGEMENT AND DISPOSITION OF PROPERTY—EMPLOYÉS OF RECEIVER—EMPLOYMENT OF ATTORNEY FOR RECEIVERSHIP.

    The Attorney General has general oversight of the administration of the estates of insolvent corporations, and is vested with some discretion as to applications for a receivership, and by Laws 1883, p. 558, c. 378, as amended by Laws 1906, p. 898, c. 349, § 2a, notice must be given him before the employment of counsel for insolvent corporations is made by the court, and hence the appointment of a Deputy Attorney General as counsel for the receiver of an insolvent corporation, it being alleged that he resigned his office to accept the appointment, was against public policy, and will not be approved.

2. SAME—JOINT "RECEIVERS"—FAILURE TO AGREE IN MANAGEMENT OF ESTATE.

    A receivership vests in the court the estate of the insolvent corporation, receivers being only agents of the court subject to its control, appointed primarily to preserve the interests of those interested in the estate, and, if they become hostile, the court may remove them and appoint others, and hence, where receivers could not agree on the appointment of counsel, each insisting on the appointment of a different person, the court will require them to agree on counsel, and, on their failure to do so, will appoint other receivers.

    [Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 5993–5997; vol. 8, pp. 7780–7781.]

Appeal from Special Term, Albany County.

Proceedings by the people of the state of New York against the Brooklyn Bank in the City of New York, an insolvent corporation, of which Charles M. Higgins and Bruyn Hasbrouck are receivers. From an order approving a contract made by receiver Hasbrouck, Higgins appeals. Order reversed, and motion denied.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCH-
RANE, and SEWELL, JJ.

David B. Hill, for appellant.

John B. Stanchfield and Frederick Collin, for respondent.

Roelker, Bailey & Curtis, for stockholders intervening in opposi-
tion to the order appealed from.

COCHRANE, J.   In November, 1907, on the application of the
Attorney General, the respondent Bruyn Hasbrouck of New Paltz,
Ulster county, N. Y., was appointed temporary receiver of the de-
fendant, an insolvent banking corporation in the borough of Brooklyn
and city of New York.   In the following month such receivership
was made permanent, and at the request of the depositors of the bank,
Charles M. Higgins, its largest individual depositor, was made co-
receiver with Mr. Hasbrouck.   Mr. Higgins agreed to act as such re-
ceiver without compensation, except as the depositors, with the ap-
proval of the court, should determine.   Immediately following the
qualification of the permanent receivers a controversy arose between
them as to the selection of counsel.   Mr. Hasbrouck during his tem-
porary receivership had employed as counsel an attorney of Buffalo
who resigned as a deputy in the office of the Attorney General, on
whose application Mr. Hasbrouck was appointed receiver.   The latter
insisted on the retention of the same attorney as counsel.   Mr. Hig-
gins insisted on the employment of a local attorney of Brooklyn who
had been actively interested in behalf of the depositors of the bank
and in procuring the appointment of Mr. Higgins as receiver.   Nei-
ther receiver attempted to agree with the other on counsel acceptable
to both.   The respondent, although offering to submit the matter to
the court for its advice, as under the circumstances he was constrained
to do, nevertheless uniformly insisted on the employment of the Buf-
falo attorney.

Chapter 349, p. 897, Laws 1906, amends chapter 378, p. 558, Laws
1883, by inserting a new section known as section 2a, which provides
as follows:

"If the receiver of a corporation employs counsel, he shall within three
months after he has qualified as receiver enter into a written contract fixing
the compensation of such counsel at not exceeding a certain amount or a cer-
tain percentage of the sums received and disbursed by him, which contract
must be approved by the Supreme Court, on at least eight days' notice to the
Attorney General.   A payment by such receiver to his counsel on account of
services shall only be made, pursuant to an order of the court, on notice to
the Attorney General and subject to review on the final accounting.   A con-
tract with counsel shall not be made for a longer period than eighteen months,
but may be renewed from time to time for periods of not more than one year,
if approved by the Supreme Court on at least eight days' notice to the Attor-
ney General."

Acting under the above statutory provisions, Mr. Hasbrouck, against
the objection of his co-receiver, entered into a contract employing said
Buffalo attorney as counsel for both receivers, and providing for the
compensation of said counsel.   The court at Special Term granted
an order approving such contract with certain modifications and from
such order the receiver Higgins appeals to this court.

The statement is made, and not denied, that at the time of the appointment of the temporary receiver this counsel was a Deputy Attorney General, and it is also claimed that he resigned as such for the purpose of becoming counsel for said receiver herein. We think an employment under such circumstances is against public policy. The Attorney General is charged with important and responsible duties in reference to corporation receiverships. The receiver may be appointed on his application; and such application in some cases may be ex parte. The Attorney General is therefore vested with certain discretion in regard to such applications. He has general oversight, and is intimately connected with the administration of the estates of insolvent corporations. By the provisions of the staute above quoted no employment of counsel can be approved by the court or payment made to counsel without notice to the Attorney General, clearly indicating that the latter has an affirmative duty to perform in protecting insolvent corporations against excessive or improvident charges for legal expenses. The great office of the Attorney General should not be subjected to the criticism that it is influenced by sinister or unworthy considerations. The mere possibility that the duties and responsibilities of the office may be sacrificed constrains us to withhold our approval of an employment by receiver of counsel intimately connected with that office. We think such an employment is clearly inconsistent with the relations which the law creates between the Attorney General's office and insolvent corporations. The contract the court is asked to approve is contrary to the spirit and policy of the law, and cannot therefore be sanctioned.

For another reason we think the order should not have been granted. The best interests of the trust confided to the receivers required their entire co-operation, including the selection of counsel who would have the confidence of both of them, to the end that there might be unity of action rather than friction. It is not of very much consequence whether or not the objections of Mr. Higgins to the counsel selected by Mr. Hasbrouck are well founded. A trust like this cannot properly be administered unless those charged with its administration as receivers and counsel are in entire accord. There should not have been the slightest difficulty in the selection of some counsel who could co-operate with both receivers. The argument that the counsel selected by Mr. Hasbrouck, because of his experience and knowledge of the affairs of the bank during the temporary receivership, was peculiarly fitted to act as counsel, is without force. There are numerous other attorneys well equipped and qualified to render to the receiver all necessary assistance. A receivership vests in the court the assets of the insolvent estate. A receiver is but an officer and agent of the court, subject to its control and direction in all matters pertaining to the trust. The primary object to be accomplished is the conservation of the rights of the creditors and others whose interests are or may be impaired because of the financial calamity which has overtaken the corporation. These rights and interests are paramount to those of the receivers and their counsel. If the latter cannot subordinate their personal views to such paramount rights, the court will see to it that the receivership is changed in order to accomplish such a result. Where re-

ceivers become hostile, a court could and should intervene to remove them and appoint others. Shirk v. Brookfield, 77 App. Div. 295, 301, 79 N. Y. Supp. 225. The court below should have required these receivers to agree upon their counsel, and, failing in that, should have changed the personnel of the receivership. We do not think that Mr. Higgins was justified in insisting on the exclusive right to name counsel, but there is to be said in his behalf that he represented the sentiment of practically all of the depositors of the bank whose interests appeal very strongly to the court.

The order should be reversed, and the motion denied. All concur.