### RUBIN et al. v. COHEN.

(Supreme Court, Appellate Division, First Department. December 24, 1908.)

1. CONTRACTS (§ 333*)—ACTIONS—PLEADINGS.

In an action on contract, plaintiff need not plead whether the contract was oral or written; a general allegation of contract, with good consideration, performance, and indebtedness, sufficing.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1641; Dec. Dig. § 333.*]

2. WORK AND LABOR (§ 9*)—ACTIONS—QUANTUM MERUIT.

Under a declaration on a special contract for services performed and materials furnished, if the proofs fail to establish the contract, but show a rendition of services, a recovery may be had on a quantum meruit.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 23; Dec. Dig. § 9.*]

3. WORK AND LABOR (§ 28*)—VALUE—EVIDENCE.

In an action for services on quantum meruit, a specific contract may be proved fixing the price, and the price so specified then becomes the value.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 55; Dec. Dig. § 28.*]

4. ASSUMPSIT, ACTION OF (§ 6*)—GROUNDS—EXPRESS CONTRACT.

Where an express contract not under seal has been fully performed, and nothing remains to be done except to pay money in consideration of such performance, plaintiff need not declare specially on the contract, but may count on the implied assumpsit of defendant to pay the stipulated price.

[Ed. Note.—For other cases, see Assumpsit, Action of, Cent. Dig. § 17; Dec. Dig. § 6.*]

5. ACTION (§ 38*)—SINGLE CAUSE OF ACTION.

In actions for services, or for materials furnished, or for goods sold, where the complaint alleges both value and agreed price, such allegation does not state two causes of action, since defendant may have specially agreed to pay the price.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

6. PLEADING (§ 369*)—ELECTION BETWEEN COUNTS.

Though the complaint contains two counts for the same services, one under special contract and one on quantum meruit, plaintiff should not be compelled, on motion in advance of the trial, to elect on which count he

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

will proceed, since one may sue for services under a special contract, and, if that is not proved, recover on quantum meruit.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1199; Dec. Dig. § 369.*]

7. PLEADING (§ 35*)—SURPLUSAGE.

Where a complaint manifestly pleads a specifically agreed price, an allegation of value will be treated simply as surplusage, rather than as an attempt to state two causes of action, where the market value does not appear to have been the specially agreed price.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 76; Dec. Dig. § 35.*]

8. CONTRACTS (§ 346*)—ACTIONS—PLEADING—EVIDENCE.

Where, in an action for work performed and materials furnished, the complaint set forth separate causes of action, and in each count work and materials were alleged to have been performed and furnished at defendant's request, "of the reasonable value and agreed prices" aggregating a specified sum, and plaintiff's bill of particulars showed that some of the material furnished and work performed was pursuant to a written contract and some outside of the contract, and there was nothing in the complaint to warrant the assumption that plaintiff was suing on a quantum meruit for work performed and materials furnished on a contract which had not been entirely performed, plaintiffs were entitled to prove the contract and performance thereunder.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1718–1720; Dec. Dig. § 346.*]

Appeal from Trial Term, New York County.

Action by Jacob Rubin and another against Barney Cohen. From a judgment for defendant on dismissal of the first and second causes of action alleged in the complaint, and from a verdict on the third cause of action, and an order denying a motion for new trial, plaintiffs appeal. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Jacob Manheim, for appellants.
Moses Feltenstein, for respondent.

HOUGHTON, J. The action is for work performed and materials furnished. The complaint sets forth three separate causes of action, and in each count the work and materials are alleged to have been performed and furnished at defendant's request, "of the fair and reasonable value and at agreed prices" aggregating a specified sum. The answer admitted that the plaintiffs performed certain work for the defendant, but alleged that it was done in pursuance of two building contracts entered into in writing, copies of which were annexed to the answer, which plaintiffs failed to fully perform, for which failure defendant set up various counterclaims for damages. The plaintiff served a bill of particulars at defendant's demand, which showed that some of the material claimed to have been furnished and work performed was pursuant to a written contract and some outside of any written contract.

At the opening of the trial the defendant moved that plaintiffs be compelled to elect as to whether they intended to proceed on quantum

meruit or special contract. The ground of this motion was stated to be that the bill of particulars set forth that a portion of the amount claimed in the first and second causes of action was due by reason of a written contract, and the defendant insisted that he should be apprised as to whether the plaintiffs were claiming on the theory of performance of the written contract or upon quantum meruit for the work actually performed because the defendant had prevented completion of the contract. After considerable colloquy, during which the plaintiffs claimed that they had a right to show what materials were furnished and what work was done, and that either the price was agreed upon by the written contract, or verbal if it was outside the written contract, and if the causes of action were based upon agreed prices whether in writing or not, and that they were not compelled to plead a written contract as such, but could introduce it under the general allegation of the making of an agreement, the court finally compelled the plaintiff, as to the first and second causes of action, to elect upon which they would proceed, and they elected to proceed on agreed prices, waiving their allegations as to value. Thereupon the plaintiffs proved the execution of the two contracts and offered them in evidence, and on the objection of the defendant that they were not pleaded they were excluded. The plaintiffs then sought to prove work which they did and materials which they furnished for the defendant, and on defendant's objection that the contract was the best evidence of what was to be done and furnished, and how it was to be done, that class of evidence was excluded.

The plaintiffs made various efforts in various ways to introduce their proof, and finally, on motion of the defendant, the complaint was dismissed as to the first and second causes of action, and the trial proceeded upon the third count, and resulted in a verdict for the defendant on that cause of action. The plaintiffs having sued upon contracts, it was not necessary for them to plead whether they were oral or written. A general allegation of contract, with good consideration, performance, and indebtedness, was sufficient. Matthews v. Matthews, 154 N. Y. 288, 292, 48 N. E. 531; Miller v. Munroe, 59 App. Div. 623, 69 N. Y. Supp. 861. With respect to services performed and materials furnished it has become the settled law that under a declaration on a special contract, if the proofs fail in establishing such contract, but do in fact show a rendition of services, a recovery may be had upon a quantum meruit. Shirk v. Brookfield, 77 App. Div. 295, 79 N. Y. Supp. 225. Likewise it is also settled that in an action for services on quantum meruit a specific contract may be proved fixing the price, and the price so specified then becomes the value. Ludlow v. Dole, 62 N. Y. 617; Fells v. Vestvali, 41 N. Y. (2 Keyes) 152; Higgins v. Newtown & Flushing R. R. Co., 66 N. Y. 604; Boyd v. Vale, 84 App. Div. 416, 82 N. Y. Supp. 932. Where any express contract not under seal has been fully performed, and nothing remains to be done except to pay money in consideration of such performance, a plaintiff need not declare specially on the contract, but may count upon the implied assumpsit of the defendant to pay him the stipulated price. Farron v. Sherwood, 17 N. Y. 227; Hartley v.

Murtha, 5 App. Div. 408, 39 N. Y. Supp. 212. In actions for services, or for materials furnished, or for goods sold, it often happens that the complaint alleges both value and agreed price. Such an allegation does not state two causes of action, because the defendant may have specially agreed to pay the value.

In view of the fact that it is permissible to sue for services under a special contract, and, if that is not proved, recover upon quantum meruit, it has been repeatedly held, even where the complaint contains two counts for the same services, one under special contract and one on quantum meruit, that the plaintiff should not be compelled, on motion in advance of the trial, to elect upon which count he will proceed. Longprey v. Yates, 31 Hun, 432; Blank v. Hartshorn, 37 Hun, 101; Goetz v. Van Au, 12 N. Y. Civ. Proc. 104; Seymour v. Warren, 71 App. Div. 421, 75 N. Y. Supp. 903. Where a complaint manifestly pleads a specifically agreed price, an allegation of value will be treated simply as surplusage, rather than as an attempt to state two causes of action, where the market value does not appear to have been the specially agreed price. Vedder v. Leamon, 70 App. Div. 252, 75 N. Y. Supp. 413; Keister v. Rankin, 29 App. Div. 539, 51 N. Y. Supp. 634.

Under these rules, which we have been at some pains to formulate because of the frequency of actions of this character, it is clear that the learned trial court erroneously excluded the written contract and erroneously refused to receive plaintiffs' evidence as to performance. Quite probably he had in mind the necessity of suing upon quantum meruit for work performed and materials furnished upon a contract which had not been entirely performed, completion of which had in some way been prevented. There is nothing in the complaint, however, warranting such an assumption, and the plaintiffs should have been permitted to develop their causes of action.

The jury rendered a verdict for the defendant upon the third cause of action. Under the circumstances disclosed, and in view of the erroneous course pursued at the trial, we think, in furtherance of justice, a new trial should be granted as to the third cause of action, as well as to the first and second.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.