(87 Misc. Rep. 300)

EVANS v. ASCHER DETECTIVE AGENCY AND NEW YORK HARBOR PATROL, Inc.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. WORK AND LABOR (§ 24*)—CONTRACT FOR SERVICES—QUANTUM MERUIT—CONTRACT AS EVIDENCE—PLEADING.

Where, in an action on a quantum meruit for services rendered under a contract, defendant admitted the rendition of the services, but failed to deny their alleged value, though it further alleged that they were rendered under a contract set forth in the second paragraph of the complaint, defendant was entitled to introduce the contract in evidence in diminution of plaintiff's claim for the value of his services, and the court, therefore, erred in directing a verdict for the value, rather than for the contract price.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 43–46; Dec. Dig. § 24.*]

2. PLEADING (§ 397*)—VARIANCE—DISMISSAL ON MERITS.

Where plaintiff sued defendant corporation for the return of $1,000 alleged to have been advanced by plaintiff to it under the terms of a contract, and plaintiff proved that he had advanced only $500, defendant was not entitled to a dismissal on the merits.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1337; Dec. Dig. § 397.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Lewis L. Evans against the Ascher Detective Agency and New York Harbor Patrol, Incorporated. From a judgment of the New York City Court in favor of plaintiff on his second cause of action, entered on a verdict, and dismissing plaintiff's third cause of action for failure of proof, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Brussel & Beebe, of New York City (E. Walter Beebe, of New York City, of counsel), for appellant.

Olcott, Schwarzschild & Schramm, of New York City (Merrill Bishop, of New York City, on the brief), for respondent.

BIJUR, J. The chief point involved in this controversy is the exclusion by the learned trial judge of evidence offered by the defendant of a contract between itself and the plaintiff.

The complaint, for a first cause of action, sets out this contract and the rendition of services thereunder, with a claim for the balance due in accordance therewith. For a second cause of action, and in the eighth paragraph of the complaint, the plaintiff pleaded the rendition of services at defendant's request, and in the ninth paragraph the reasonable value of said services. The answer, without referring to the two "separate defenses of action," admitted so much of the eighth paragraph as alleged the rendition of services by the plaintiff, but failed to deny the ninth paragraph, which alleged their reasonable value.

At the trial, plaintiff moved, and was allowed, to discontinue as to the first cause of action, and secured the direction of a verdict on the second cause, on the ground that it was not denied. Defendant urged that the failure to deny the reasonable value of the services was a clerical oversight, and asked to withdraw a juror and to be allowed to apply at Special Term for leave to amend, which was denied.

[1] Defendant then sought to introduce in evidence the contract in diminution of plaintiff's claim for the value of his services. Plaintiff's counsel admits on this appeal that under ordinary circumstances, and in conformity with the law as laid down in Rubin v. Cohen, 129 App. Div. 395, 113 N. Y. Supp. 843, such proof would have been competent and material, but claims that, the value of the services having been admitted by failure to deny, proof of the contract became immaterial. This contention, however, disregards the defendant's express pleading. Although the answer admits so much of the allegations contained in paragraph eighth as alleges the rendition of services to the defendant, and fails to deny the ninth paragraph, namely, the value of such services, it nevertheless continues as follows:

"This defendant alleges that the said services so rendered by the plaintiff to the defendant were rendered under and pursuant to the agreement set forth in the second paragraph of the complaint."

In other words, defendant, admitting the *value* of plaintiff's services, alleges that, so far as its *obligation* is concerned, it is to pay, not the value, but the contract price. The direction of a verdict in favor of

plaintiff for the value, rather than for the contract price, of his services, was therefore error.

[2] As the pleadings stood at the trial, the dismissal of the third cause of action should not have been upon the merits. The cause of action is for the return of $1,000, alleged to have been advanced by plaintiff to defendant under the terms of the contract. Plaintiff's proof, however, showed that he had advanced only $500. Since there must be a new trial of this case, it will probably accord with the spirit of the decision in Muller v. City of Philadelphia, 113 App. Div. 92, 96, 99 N. Y. Supp. 93, to allow all the parties to apply for leave to put their pleadings in such shape as to present adequately the issues which they desire to have tried.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.