Raymond J. Mino, J.
This is an action to foreclose a mechanic’s lien.
By order dated October 16, 1961 the plaintiff was directed to furnish a verified bill of particulars. In compliance with said order the plaintiff served a bill of particulars. Defendants now claim that the bill is insufficient and defective in that it does not comply with the order in certain respects, and they now seek a further bill of particulars.
The complaint alleges, among other things, that “ the plaintiff, at the special instance and request of the defendants, furnished and delivered * *' * certain goods, wares and merchandise * * * and performed labor * * * all of the agreed price and reasonable value of $850, which sum defendants agreed to pay therefor ’ ’.
Thus the plaintiff bases his right to a recovery both on an agreed price and reasonable value, and proof of one or the other will be sufficient to recover. (Rubin v. Cohen, 129 App. Div. 395.)
In a very recent case, American Associates Enterprises v. Ungerman (10 A D 2d 758) where almost identical demands for particulars were made by a defendant in a building construction contract, the court said: ‘1 The demands seem to us unreasonable and oppressive in the light of the complaint. Plaintiff is not bound to prove the cost of each item in order to show the ‘ reasonable value of said work, labor and services, and materials furnished ’ and on a trial defendants might very well object to any such method of proof. It is conceivable that value might be proved by answers to two or three questions addressed to an expert or that the multitudinous items going into a $45,000 house could be grouped in a few major categories and valued accordingly.”
Applying the principles of the above-cited case, an examination of the bill of particulars furnished pursuant to the order convinces the court that the bill of particulars is sufficient. The motion is denied.