### PHILIPS v. HINE.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

1. APPEAL—REVIEW—EXCEPTIONS.

　　Where, on an appeal from a judgment of a municipal court, defendant does not stand on the justice of his position, the exclusion of evidence will not be reviewed, the question not being raised by exception.

2. CONTRACTS OF AGENT—NOTICE OF AGENCY.

　　In an action to recover for work done at the request of defendant, who claimed that he was merely the superintendent for the owner, the fact that plaintiff, while engaged on other work, had been paid by checks of such owner, was not necessarily notice to plaintiff that he was employed by the same party, when he was given no notice of the fact.

Appeal from municipal court of New York.

Action by Abraham A. Philips, Jr., against Frederick L. Hine. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Foley & Powell, for appellant.

Bruce R. Duncan, for respondent.

WOODWARD, J. This action was brought to recover the sum of $116.40, with interest, for work performed and materials furnished in or about the month of August, 1900, in relation to certain build-

ings on Nostrand avenue, near St. John's Place. The defendant denied that the work was done and materials furnished for or at the request of the defendant, and that the reasonable value thereof was $116.40. The theory of the defendant upon the trial was that he was merely the superintendent for the Anglo-American Savings & Loan Association, and that the latter was the real employer of the plaintiff. The trial resulted in a judgment for the plaintiff for the full amount of his claim, and from this judgment defendant appeals to this court.

The defendant urges three points. The first of these is that the court erred in excluding certain evidence upon cross-examination of the plaintiff. It is conceded that the question is not raised by exception, but we are urged to correct the alleged error notwithstanding this fact. It will not be denied that this court, in reviewing the judgment of a municipal court, may consider an error without its having been raised by an exception, but it will not be astute to discover a technical error unless it goes to the substantial justice of the case; and we are persuaded that the defendant does not stand upon the justice of his position. The fact that the plaintiff, while engaged upon other work, had been paid by the checks of the Anglo-American Savings & Loan Association, is not necessarily notice to him that he is employed by the same party where he is given no notice of the fact, and there is no doubt that plaintiff was engaged, and that he furnished the work and materials as alleged, at the request of the defendant. The evidence is sufficient to support the judgment, and we are of opinion that the court did not err in its ruling in reference to matters outside of the controversy. Substantial justice appears to have been done, and the judgment appealed from should be affirmed, with costs. All concur.