ENGLER v. RICHARDSON.

(Supreme Court, Appellate Division, Second Department. June 18, 1909.)

1. WORK AND LABOR (§ 27*)—VALUE OF SERVICE AND PROPERTY—EVIDENCE.

In an action for property damaged and destroyed in its use for defendant's mother, for nursing her, and for the value of certain personal property furnished at defendant's request and on his promise to pay therefor, evidence of the value of the services and of the property was admissible.

[Ed. Note.—For other cases, see Work and Labor, Dec. Dig. § 27.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—EXCEPTIONS—NECESSITY.

No exceptions are necessary to give the Appellate Division jurisdiction to review errors of law committed on the trial of an action in a Municipal Court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court of New York.

Action by Anna M. Engler against John Richardson. From a Municipal Court judgment in plaintiff's favor for less than the relief demanded, she appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

Levi S. Hulse (Homer R. Scoville, on the brief), for appellant.

Adolph Kiendl (James E. Smyth, on the brief), for respondent.

RICH, J. The plaintiff is dissatisfied with a judgment of the Municipal Court in her favor for $25, in an action brought to recover for boarding defendant and his mother, for property damaged and destroyed in its use for the mother, for nursing the mother, and for the value of certain personal property alleged to have been furnished and done at the defendant's request and upon his promise to pay therefor.

The board is alleged to have been furnished at an agreed price. Upon the trial, after proving the rendition of the services, the injury to the personal property, and the furnishing of the board, the plaintiff repeatedly sought to prove, by herself and an independent witness, both of whom were shown competent, the value of the services and of her property destroyed, which was objected to, and the objection sustained. This was error, and requires the reversal of the judgment.

It is argued that we are precluded from considering this error for the reason that the record contains no exceptions to the rulings. No exceptions are necessary to give this court jurisdiction to review errors of law committed upon the trial of an action in the Municipal Court. Philips v. Hine, 61 App. Div. 428, 70 N. Y. Supp. 593; McGrath v. Home Insurance Co., 88 App. Div. 153, 84 N. Y. Supp. 374. The cases cited by the learned counsel for the respondent, to sustain his contention, are not applicable to an appeal from the Municipal Court.

The judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes