(139 App. Div. 586.)

DONOVAN v. HARRIMAN.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

1. CONTRACTS (§ 346*)—ACTION ON EXPRESS CONTRACT—RECOVERY ON QUANTUM MERUIT.

The theory on which, in an action on an express contract for services, a recovery is allowed for their value when plaintiff is unable to prove an express agreement as to such value, is that a recovery on a quantum meruit is consistent with the complaint on the same services, and to recover, not their actual value, but the value agreed on, and when it appears that they did not agree as to value, plaintiff may recover their actual value to obviate another action on the same facts and evidence.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1748; Dec. Dig. § 346.*]

2. CONTRACTS (§ 346*)—ACTION ON EXPRESS CONTRACT—RECOVERY ON QUANTUM MERUIT.

Where action is brought against an administratrix on an express parol contract with the testator by which plaintiff was to recover for severing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his connection with a contemplated street railway company, and for services rendered to the testator only in the event that the latter sold at a profit his stock in another company in which he was interested, or obtained profit thereon on its reorganization, and by which in that event plaintiff was to receive one-fourth of the profit, plaintiff is bound by the contract, as alleged by him, and he should not be allowed to recover on a quantum meruit for his services, as it would be the making of a new and materially different contract for the parties, which on plaintiff's own theory was not contemplated.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1748; Dec. Dig. § 346.*]

3. PLEADING (§ 248*)—AMENDMENT OF COMPLAINT—NEW OR DIFFERENT CAUSE OF ACTION.

The disability of plaintiff as a witness in an action against an administratrix on an express parol contract with the testator would not justify an amendment of the complaint so as to permit a recovery on quantum meruit, which would make a new and materially different contract for the parties, which on plaintiff's own theory of the case as shown by the original complaint was not contemplated.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686-709; Dec. Dig. § 248.*]

Appeal from Special Term, New York County.

Action by John Donovan against Mary W. Harriman, as executrix of Edward H. Harriman, deceased. From an order granting leave to serve an amended complaint, defendant appeals. Reversed.

See, also, 132 App. Div. 909, 117 N. Y. Supp. 1133.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Alfred Jaretzki (Francis D. Pollak, on the brief), for appellant.
Henry M. Earle (John Ingle, Jr., on the brief), for respondent.

LAUGHLIN, J. The action was originally brought against Edward H. Harriman, on an express contract between him and the plaintiff, resting in parol, by which the plaintiff undertook, as he alleged, to abandon all connection with a project to construct and operate a certain interurban railway between the city of St. Joseph and the city or town of South St. Joseph, in the state of Missouri, and "to use and devote his time, labor, influence and services, so far as might be necessary and proper, in co-operation with the president and other officers" of another interurban electric railway about to be built between said points, of which Harriman was the owner of all or a greater part of the capital stock, and "to the development and extension of the interests, business and welfare" thereof until Harriman should dispose of his stock therein. It was further alleged that the original defendant, in consideration of the premises set forth in the complaint, promised and agreed to pay to the plaintiff one-fourth of such sums as he might realize from a sale of his said stock, or such sum as he might receive from any reorganization of said corporation over and above the amount expended by him in acquiring the stock. It will thus be seen that the original complaint was not to recover for the value of services on an express contract to pay their agreed value in any event, but

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was on a contract by which the plaintiff was to recover for severing his connection with the other contemplated street railway and for services rendered to Harriman only in the event that the latter sold his stock in the company in which he was interested at a profit, or obtained a profit thereon on a reorganization of the corporation, and in that event the plaintiff was to receive one-fourth of the profit. The plaintiff also served a bill of particulars, in which he stated that the contract was not in writing, that he personally negotiated it with Harriman, and that its terms were as alleged in the complaint. Harriman by his answer put in issue the material allegations of the complaint. By the death of Harriman, the plaintiff became an incompetent witness to prove the contract, and after the substitution of the executrix as defendant this motion was made for leave to amend the complaint by alleging a cause of action on a quantum meruit for said services. If Harriman had lived, and the case had been tried on the original complaint, and the plaintiff had proved the express contract and failed to show profits, a percentage of which he was entitled to recover, it is manifest that he could not have recovered on a quantum meruit.

The theory upon which, in an action on an express contract for services, a recovery is allowed for the value of the services in the event that the plaintiff is unable to prove an express agreement with respect to such value, is that a recovery on the theory of a quantum meruit is entirely consistent with the complaint which is based upon the same services and to recover, not their actual value, but the value agreed upon by the parties. When, in such case, it appears that the parties did not agree upon the value of the services, then to obviate another action on the same facts and evidence the plaintiff is permitted to recover their actual value. In the case at bar, however, to permit the plaintiff to recover for the actual value of the services rendered would be to make a new and materially different contract for the parties, which on the plaintiff's own theory of the case, as shown by his original complaint, was not contemplated. It is not shown that the plaintiff was mistaken with respect to the terms of the contract, as he alleged it in his original complaint and in the bills of particulars during Harriman's lifetime. He should, therefore, be bound by the contract as originally alleged by him, and he should not be permitted to recover on a quantum meruit. It may well be that, if he were a competent witness to establish his contract as originally pleaded, he could show a profit and would be entitled to recover; but his disability as a witness is his misfortune and does not justify an amendment of the complaint under which he could recover the actual value of his services, even though the decedent did not sell or dispose of his stock at a profit.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.