SCHLIEP v. BOX BOARD & LINING CO.

(Supreme Court, Appellate Term. January 5, 1911.)

1. EVIDENCE (§ 318*)—HEARSAY—WRITING.

In an action by a broker for commission for procuring a tenant, a memorandum, signed by a tenant and reciting that the broker was the broker for the premises, was inadmissible as hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1193; Dec. Dig. § 318.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—EXCEPTIONS—REVIEW.

Where, in an action in the Municipal Court by a broker for commissions for procuring a tenant, the testimony of the owner denied the employment of the broker, and showed that the tenant was procured before the date of the employment as fixed by the broker, the error in admitting in evidence a memorandum signed by the tenant, reciting that the broker was the broker for the premises, affected the substantial justice of the case and was reviewable on appeal, though no exception was taken in the trial court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Louis C. Schliep against the Box Board & Lining Company. From a judgment of the Municipal Court of the city of New York, rendered for the plaintiff on trial before the court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Lehmaier & Pellet (William W. Pellet, of counsel), for appellant. John B. Wentworth, for respondent.

GIEGERICH, J. The action is to recover the sum of $100, which the plaintiff claims the defendant agreed to pay him for services performed as a real estate broker in procuring one Henry V. St. George as a tenant of a loft in the building known as numbers 10, 12, and 14 Grand street, borough of Manhattan, city of New York, who entered into a written lease for the term of five years at a rental of $1,900 for the first year, and $2,000 per year for the balance of the term. The answer was a general denial, and, according to the stenographer's minutes of the trial, the defendant was not represented by counsel at the trial, although Mr. Thomas J. Moore, its secretary, cross-examined the plaintiff, who was the only witness on the plaintiff's side just as Mr. Moore was the only witness on the defendant's side.

The following questions were put to the plaintiff with a view to establishing all the allegations of the complaint, viz.:

"Q. On or about the 30th day of July, 1909, did you perform services at the request of the defendant? A. Yes, sir.

"Q. Upon his promise to pay performed certain services as real estate broker in the subletting to one Henry V. St. George certain premises in the possession of the defendant as tenant thereof. Said premises consists of loft of the building 10, 12, and 14 Grand street, borough of Manhattan, city of New York. As a result of such services the said St. George did enter into a letting of the premises at the price and upon the terms specified by the defendant, namely, $2,000 per year for a term of five years? A. Yes, sir.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Q. That such services were reasonably worth the sum of $100 which the defendant promised to pay to the plaintiff? A. Yes, sir."

These questions were leading and involved conclusions that were clearly incompetent, but no objections were made to them. As seen, the answer by the plaintiff to all these questions is the same, "Yes, sir."

The plaintiff further testified that he had a conversation with Mr. Moore, the defendant's secretary, on July 30, 1909, and made a memorandum in his notebook of the time., Upon cross-examination the plaintiff again testified that on July 30, 1909, he was authorized by the defendant company to act as broker for it, and that the lease was made with Mr. St. George at a time subsequent to that. And in reply to the question "Are you sure of that?" the plaintiff replied, "Yes; I was so informed by Mr. St. George."

The written lease was offered in evidence by the plaintiff. It is dated July 26, 1909, and covers a period of five years and five months from September 1, 1909, to January 31, 1915. When the plaintiff was asked how he explained the fact that the lease was entered into on July 26th, he replied: "I could give my belief on that. It must have been antedated." He was asked if he knew that from his own knowledge, and he answered: "Mr. St. George informed me afterwards on or about August 13th that he had taken a five-year lease." Mr. Moore testified that about three weeks prior to the date of the lease he saw the plaintiff, who asked him about the lofts of the building, and that he told him that the defendant did not need any real estate man as they practically had the loft rented. He further testified that Mr. St. George came to the defendant's office and made the lease on the 26th day of July, 1909, and that two days after the plaintiff came in and stated that Mr. St. George was to come in to take one of the defendant's lofts, and that Mr. Moore then told the plaintiff that he was too late; the lease having already been executed. On being recalled, the plaintiff testified that he met Mr. Moore on July 30th in front of his premises, No. 149 Wooster street, and that he said to him:

"I see my friend Whitney, another broker, has leased to you of Mr. Leavitt at No. 10, 12, and 14 Grand street, New York. I said, 'I believe you have several lofts to let there.' He said, 'Yes.' 'What is the price of them?' He said, '$2,000 per loft.' I put that down in my memorandum book at the very time and place in this memorandum book. * * * I took particulars of that on this memorandum book of mine which is a general memorandum book. I immediately went down on that date to Mr. St. George's office, 383 and 385 West Broadway, and offered Mr. St. George in person on my own letter paper the particulars of the loft at 10, 12, and 14 Grand street at $2,000 per year."

At the close of the trial, the plaintiff's counsel offered in evidence a letter written by the defendant to the plaintiff dated August 17, 1909, and what purports to be a memorandum of Henry V. St. George, dated August 18, 1909, which the plaintiff theretofore testified he got from the latter after he received the letter from the defendant.

Mr. Moore stated:

"We acknowledge the letter, but don't acknowledge the signature of Mr. St. George to this memorandum."

The papers, however, were received in evidence. The letter in question reads as follows:

"New York August 17, 1909.

"Louis C. Schliep, Esq., 32 Union Sq., City.

"Dear Sir: We have your bill of the 12th inst.. calling for $100.00 commission on lease of Henry V. St. George in building 10–12–14 Grand street, City.

"As stated to you when you were here it was our desire to be absolutely fair and if we felt you were entitled to anything, we would not quibble a minute over the amount involved. As our Mr. Moore stated to you he never authorized you to offer any part of the building for rent and therefore gave no heed to your letter of July 30th.

"We will take the matter up with Mr. St. George and if he says that he rented the premises because of your efforts, we shall gladly pay you the commission.

"Very Truly Yours,          Box Board & Lining Co.,
                                "D. J. O'Connell, President."

The alleged memorandum is in the following words and figures:

"Box Board & Lining Co.

"Mr. Schliep was the broker for the loft I rented of you.

"Aug. 18/09.                              Henry V. St. George."

Such alleged memorandum was clearly incompetent, as the signature of the writer was not proven, but, even if it had been, it was mere hearsay. The alleged writer should have been produced as a witness upon the trial and his testimony subjected to the test of cross-examination. By the receipt of such alleged memorandum this right was denied to the defendant.

It will be seen from the foregoing review of the evidence that the error in admitting such alleged memorandum goes to the substantial justice of the case, and therefore no exception was necessary to have it considered in reviewing the judgment of the Municipal Court upon the appeal taken from it to this court. Philips v. Hine, 61 App. Div. 428, 70 N. Y. Supp. 593; Engler v. Richardson, 133 App. Div. 419, 117 N. Y. Supp. 653.

The judgment should therefore be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.