BYRNE v. JOHN GILLIES CO. et al.

(Supreme Court, Appellate Division, Second Department.    May 26, 1911.)

1. PLEADING (§ 369*)—ELECTION—CONTRACT OR QUANTUM MERUIT.

Where the complaint in an action for work and materials alleged "that the agreed and reasonable value" of the materials, work, and services was a certain sum, and there was evidence authorizing a recovery on the quantum meruit, it was error to compel plaintiff to elect whether he should proceed on the theory of an express contract or upon quantum meruit.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1199–1209; Dec. Dig. § 369.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—PRESENTATION BELOW—ELECTION OF REMEDIES.

An exception to a ruling of the Municipal Court compelling plaintiff to elect whether he should proceed on an express contract or a quantum meruit, when the complaint was sustainable on either theory, was not necessary to authorize a review of the ruling; the error being one of law.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Edward J. Byrne against the John Gillies Company and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

James I. Cuff, for appellant.
Magner & Carew, for respondents.

RICH, J. This action is brought to recover for work and materials, and the complaint, in a single cause of action, alleges:

"That the agreed and reasonable value of the said materials, and said work, labor, and services, was the sum of two hundred and seventy-six and 40/100 ($276.40) dollars."

Upon the trial the plaintiff was required to elect as to whether he would proceed upon the theory of an express contract, or upon a quantum meruit, and he chose to proceed upon the theory of a special contract.

[1] There is evidence, given by witnesses produced by the defendants, upon which plaintiff might have recovered upon a quantum meruit to the extent of from $70 to $80, and it was improper to preclude a recovery upon a quantum meruit compelling the election. Walar v. Rechnitz, 126 App. Div. 424, 110 N. Y. Supp. 777; Rubin v. Cohen, 129 App. Div. 395, 113 N. Y. Supp. 843; Lockhart v. Hamlin, 190 N. Y. 132, 82 N. E. 1094; Nichols' New York Practice, vol. 1, p. 1085.

[2] While it does not appear that an exception was taken to this ruling, nevertheless the error was one of law, and this court has jurisdiction to review it. Engler v. Richardson, 133 App. Div. 419, 117 N. Y. Supp. 653.

The judgment of the Municipal Court is reversed, and a new trial ordered; costs to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes