KOHEN v. KIELEY.

(Supreme Court, Appellate Term. November 10, 1911.)

1. COURTS (§ 189*)—MUNICIPAL COURT—PLEADING—AMENDMENT—CONDITIONS.
    Since, under the Municipal Court act (Laws 1902, c. 580), the allowance of material amendments to pleadings. when offered by parties, is mandatory, it was error to require, as a condition of allowing an amendment, an election of one of two counts of the complaint on which plaintiff would proceed, in case her amendment adding a count on a quantum meruit was allowed.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. PLEADING (§ 369*)—COMPLAINT—COUNTS—ELECTION.
    Where a complaint for services alleges a count on a special contract and also on a quantum meruit, plaintiff cannot be compelled to elect upon which he will proceed.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1199–1209; Dec. Dig. § 369.*]

3. BROKERS (§ 85*)—ACTION FOR SERVICES—REASONABLE VALUE.
    In an action on a special contract for broker's services, evidence of the reasonable value of the services is admissible, as bearing on the issue of the probability that the agreement pleaded was made.
    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. § 85.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Celia Kohen against Timothy Kieley. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

See, also, 129 N. Y. Supp. 353.

Argued before SEABURY, GUY, and COHALAN, JJ.

Abram S. Jaffer, for appellant.

T. C. McKennee, for respondent.

COHALAN, J. The plaintiff sued upon a special agreement, alleging that the defendant promised to pay her $100 for services rendered as a broker in leasing premises owned by the defendant. The defendant set up a special agreement, averring that for her services in leasing his property he agreed to pay her a percentage, based upon the receipts from the property; the property consisting of a hotel, which had been leased upon a percentage, to be derived from the gross receipts.

[1] Upon the trial the plaintiff sought to amend her complaint, by setting up, in addition to the special agreement, a claim for the reasonable value of her services in such leasing. The justice in the court below stated that, if the amendment were allowed, he would require the plaintiff to elect upon which count of the complaint she should proceed. Upon this statement being made, the plaintiff withdrew the proposed amendment. The court erred in imposing, as a condition for granting the amendment, a requirement that the plaintiff must make an election under which count she should proceed.

[2] The allowance of material amendments to pleadings, when offered by parties in a Municipal Court action, is mandatory upon the court; and, even if the complaint had been amended in the respect asked for, the plaintiff could not be required to proceed upon one count alone. Byrne v. John Gillies Co., 144 App. Div. 677, 129 N. Y. Supp. 602; Donovan v. Harriman, 139 App. Div. 586, 124 N. Y. Supp. 194.

[3] The plaintiff also sought to prove the reasonable value of her services, and the usual and ordinary rate charged by real estate brokers for leasing property under like circumstances. This testimony was erroneously excluded. Even when suit is brought upon a special agreement for services rendered, proof of their reasonable value may be shown, as bearing upon the issue, and the probability that such an agreement was made. Barney v. Fuller, 133 N. Y. 605, 30 N. E. 1007.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.