'AVERBUCK v. BECHER et al.

(Supreme Court, Appellate Term, First Department.   March 7, 1913.)

1. PAYMENT (§ 70*)—EVIDENCE.
   In an action on a note of $150, defendant claimed that it was paid by plaintiff accepting in place thereof two notes of a third person for $75 each, which were turned over to D.; plaintiff not having defendant's note with him at the time.   D. turned over one more to him when due, and payment of which he received.   *Held*, that plaintiff could testify to a conversation with D., when he received the $75 note of D., showing that he received it in payment of an obligation owing him by D.

   [Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 203–218;  Dec. Dig. § 70.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—EXCEPTIONS—REVIEW.
   The Appellate Term can review a ruling of the Municipal Court excluding material testimony, though no exception was taken.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

   Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Harris Averbuck against Nathan Becher and another. From a judgment for defendants, after a trial with a jury, plaintiff appeals.   Reversed, and new trial ordered.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Joseph Krinsky, of New York City (Charles Trosk, of Brooklyn, of counsel), for appellant.

J. Carl Becher, of New York City, for respondents.

GERARD, J.   This action was brought by plaintiff to recover $150 on a promissory note made by one Nathan Becher to the order of Solomon Becher, and indorsed by the latter and by one Louis Drillich. Solomon Becher was the only defendant served.

The defendant Solomon Becher defended on the ground that this note for $150 had been paid, and that he was released thereon by an agreement with the plaintiff by which the plaintiff accepted two notes for $75 each made by the American Amusement Premium Company.

The only ground upon which plaintiff seeks a reversal of the judgment in favor of the defendants is that the trial justice erred in not permitting plaintiff to testify to a conversation had by plaintiff with Drillich.   There was testimony given by Solomon Becher to the effect that he made the agreement with plaintiff, by which plaintiff was to receive the two notes for $75 each in return for the $150 note;  that the plaintiff said that he did not have the $150 note, but would turn it over later.   Mr. Drillich was present at this conversation, and plaintiff immediately turned the two notes over to Drillich.   Mr. Drillich testified that he held the two notes in his possession, and, when the first of the notes became due, that he went to the bank, and certified it, and gave it to the plaintiff the next morning, and that the plaintiff had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it put through his bank, plaintiff, of course, receiving the money for the note.

[1, 2] Plaintiff denied the conversation as to his taking the two notes for $75 each in return or payment for the $150 note, and was not permitted to testify that, when he received the certified note for $75 from Mr. Drillich, Drillich said something to him at the time, and was not permitted to testify what that something was. It being the claim of counsel that plaintiff could have shown that he received the note from Drillich for some other purpose, and, in fact, in payment of an obligation owing to him by Drillich, it seems to me that this evidence should have been admitted. Unexplained, the plaintiff having received the cash on one of the $75 notes, the inference would be almost irresistible that the story told by the defendants as to the delivery of these notes was correct, and I think that plaintiff should have been permitted to show how he came into possession of this note, and that he did not receive it in the manner alleged and for the consideration alleged by the defendants. It is true that no exception to the rejection of this evidence was taken, but no exception is necessary to permit the Appellate Term to review a ruling of the trial court materially prejudicing the plaintiff. Schliep v. Box Board Co., 70 Misc. Rep. 228, 126 N. Y. Supp. 705.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.

BIJUR, J. I dissent. According to the evidence offered by defendants, the transaction whereby the note for $150 was satisfied and discharged by the delivery of the two notes for $75 each was substantially concluded when these two notes were delivered to Drillich. Unless the evidence on this point is sufficient to show satisfaction of the note for $150, then plaintiff was entitled to recover. If, on the other hand, the evidence was insufficient to that end, then subsequent declarations of Drillich are quite immaterial to the issue litigated. Such declarations, however, were entirely competent to impeach the credibility of Drillich; but, if offered for that purpose, Drillich should have been questioned in regard to them on his cross-examination. Even in his brief plaintiff's counsel does not contend that they were offered to attack the credibility of Drillich.

. I think that the evidence was properly excluded, and that the judgment should be affirmed.