ADOLPH S. HERRMANN, Plaintiff, *v.* CLUETT, PEABODY & COMPANY, INC., Defendant.

Supreme Court, New York County, March 1, 1926.

**Pleadings — complaint — plaintiff may allege cause of action on contract for work, labor and services and also cause of action on quantum meruit — defendant cannot compel election before trial.**

A complaint is not defective which alleges a cause of action based on a contract for work, labor and services and also a cause of action to recover on *quantum meruit* the value of the same services, and the defendant cannot prior to the trial compel the plaintiff to elect which cause of action he will rely upon.

MOTION by defendant to compel service of amended complaint in action on express contract and on *quantum meruit.*

*Guernsey Price,* for the plaintiff.

*Sullivan & Cromwell,* for the defendant.

PROSKAUER, J. The complaint contains two causes of action: one on an express contract, by which for certain services the plaintiff was to be paid $10,000 and an additional $65,000 upon a contingency; the second upon a *quantum meruit,* alleging the value of the services to be $75,000. The defendant moves to compel the service of an amended complaint electing to stand upon one or the other of these causes of action.

The question presented seems to me highly academic. Its answer must rest upon a sharp distinction between the rules of pleading and the rules of substantive law. It is the established practice in this State to permit the joinder in one complaint of counts on contract and for *quantum meruit,* despite the fact that in absolute logic there· is a certain inconsistency between claiming a reasonable value when the contract fixes a definite compensation. The defendant claims here that this inconsistency is effectively accentuated to the point of requiring election because the contract here bases compensation partly on a contingency. It relies upon *Donovan* v. *Harriman* (139 App. Div. 586). That decision went, however, upon the proposition that in the exercise of a sound discretion the court would not permit the amendment of a complaint to allege a *quantum meruit* instead of an express contract after the death of the defendant who was claimed to have made the contract.

The courts have repeatedly held that despite the ultimate inconsistency between a *quantum meruit* and an express contract, a complaint might sound in both to the end that if it appeared on the trial there was failure to establish the making or complete performance of the contract, the plaintiff might, if entitled thereto, recover upon a *quantum meruit,* and election has been uniformly postponed for the trial. (*Rubin* v. *Cohen,* 129 App. Div. 395; *Raile* v. *Peerless American Products Co.,* 192 id. 506.)

I can see no possible hardship to the defendant in following these authorities and thus postponing election. If the contract is admitted or proved, it will be for the trial justice to require the appropriate election upon lines which would, of course, hold the plaintiff to his own contract.

Motion denied. Order signed.