JAMES R. McAULEY, Plaintiff, v. THEODORE D. WELLS, Defendant.

City Court of New York, Bronx County, June 28, 1928.

Trial — new trial — election of remedies — action for agreed price and
reasonable value of services — plaintiff was required to elect whether
he would go to jury on quantum meruit or on contract — having
elected to stand on contract and having been defeated by jury, plaintiff
is not entitled to new trial — court properly required plaintiff to elect
at close of case.

In this action for the agreed price and the reasonable value of services, plaintiff,
at the close of the entire case, had produced evidence showing an express
promise on the part of defendant to pay a stipulated monthly salary, while
defendant's proof showed an express agreement to pay plaintiff and his assignor
a share of the profits of the venture, but no salary. At this point plaintiff was
required by the court to elect, before he went to the jury, whether he would
stand on the express agreement or on the *quantum meruit*. He elected to stand
on the contract, and having been defeated by the jury he is not now entitled
to a new trial on the ground that the direction of the court was erroneous.

The plaintiff may not go to a jury on both a special promise and a *quantum meruit*,
and the court properly required plaintiff to elect at the close of his case. In
any event, the result would have been the same had plaintiff gone to the jury
on a *quantum meruit*.

Moreover, to give a jury the right to say that if the contract was not for a salary
nor for a share of the profits, they could still give the plaintiff the reasonable
value of his services, would be to submit to them a fictitious issue.

MOTION by plaintiff for a new trial in an action for the agreed
price and reasonable value of services.

*Frank C. Briggs*, for the plaintiff.

*Macklin, Brown, Lanahan & Speer* [*James M. Gorman* of counsel],
for the defendant.

EVANS, J. Plaintiff sues for the agreed price and reasonable
value of services. At the close of the entire case the plaintiff had
produced evidence showing an express promise on the part of
defendant to pay a stipulated monthly salary. The defendant
denied the agreement for a salary and testified to an express agree-
ment to pay plaintiff and his assignor a share of the profits of the
venture, and no salary. At that point plaintiff could have gone
to the jury on a *quantum meruit*, and, under those circumstances,
the jury could have considered the express promise as evidence of
the value of plaintiff's services. (*Boyd* v. *Vale*, 84 App. Div. 414;
*Hollander* v. *Kaufmann*, 172 id. 218.) The plaintiff was required
to elect, by the court, before he went to the jury, whether he
would stand on the express agreement or on a *quantum meruit*.
He elected to stand on the contract, and was defeated by the

jury. Now he wants a new trial, because, he claims, the direction to elect was erroneous. The cases hold that a requirement to elect is improper before the close of the trial (*Rubin* v. *Cohen*, 129 App. Div. 395), but that election at the close of trial is, by inference, proper. (*Herrmann* v. *Cluett, Peabody & Co., Inc.*, 127 Misc. 54.)

The rule seems to be that where the complaint is on a special promise and *quantum meruit*, the plaintiff may go to the jury on a *quantum meruit* when he is not able to establish the special promise. (*McKeon* v. *Van Slyck*, 223 N. Y. 392, 399; *Sturtevant* v. *Fiss, Doerr & Carroll Horse Co.*, 173 App. Div. 113.)

As was said by Judge McLaughlin, in *Sturtevant* v. *Fiss, Doerr & Carroll Horse Co.* (173 App. Div. 113, 115): " The law is well settled that where an action is brought upon a special contract of employment, a recovery may be had upon a *quantum meruit* when the special promise is not established * * *."

The rule goes to that extent. But it does not go to the extent that, where plaintiff asserts a special promise for a monthly wage, and defendant asserts a profit-sharing agreement, the jury may still give plaintiff a *quantum meruit*, when they do not believe what he says about the special promise, and choose to believe what defendant asserts. The claims of a special promise and a *quantum meruit* are inconsistent. (*Herrmann* v. *Cluett, Peabody & Co., Inc.*, 127 Misc. 54.) This inconsistency is tolerated by the adjudicated cases only up to the point of submission to the jury. To carry it further, in a case like this, would be to stretch an inconsistency into an absurdity. The jury, at bar, had to decide whether the contract contemplated a salary or a share of the profits. If it was not a salary, it necessarily must have been what defendant claimed. Under those circumstances, to give the jury the right to say that, if the contract was not for a salary nor for a share of the profits, they could still give the plaintiff the reasonable value of his services, would be to submit to them a fictitious issue. On reflection, I think the result would have been the same if plaintiff went to the jury on a *quantum meruit*. But I have been cited no authority, and I can find none, which holds that a plaintiff may go to the jury on both a special promise and a *quantum meruit*. To my mind, such a rule would be entirely out of reason.

Motion for a new trial, and to set aside the verdict, is denied.