■ MONROE I. KATCHER II, Appellant, v. BURTON BROWNE, Respondent.— In an action, based on allegations in the complaint of express contract, *quantum meruit* and an account stated, to recover a balance of $6,500 claimed to be due and unpaid for legal services rendered by plaintiff, an attorney at law, to and on behalf of the defendant Browne, the plaintiff appeals: (1) from so much of an order of the Supreme Court, Westchester County, dated September 24, 1962, as, upon his motion for summary judgment *for such balance of $6,500,* directed " that the amount of damages for which judgment should be granted " to him " be determined by an assessment thereof to be made by the court," and set the action down for such assessment; and (2) from so much of an order of said court dated the same date as, upon reargument, adhered to the court's original decision. Appeal from the original or first order of September 24, 1962, dismissed, without costs; that order was superseded by the second order granting reargument, made the same day, adhering to the original decision. Order made on reargument, insofar as appealed from, reversed, with $10 costs and disbursements, and motion for summary judgment denied *in toto.* The principal issue raised by the pleadings and the affidavits on the motion was whether defendant had discharged the plaintiff before he completed the rendition of his legal services. If the defendant did, then plaintiff was entitled to recover not on the express contract alleged by him but only on the basis of *quantum meruit* for the services actually rendered (cf. *Matter of Montgomery,* 272 N. Y. 323). Defendant urges that he did discharge plaintiff before he had completed his services. From the short memorandum of the Justice at Special Term it appears that he agreed with the defendant. Consequently, the original order made by the court in effect denied plaintiff's motion for summary judgment for the balance of $6,500 as sought, and instead, and apparently on the court's own motion, granted summary judgment to the plaintiff based on *quantum meruit* or the reasonable value of his services, to be determined by an assessment to be made by the court. While we believe that plaintiff's motion for summary judgment for $6,500 based on the express contract was properly denied, we also believe it was error for the court, on its own motion, to thus relegate and limit plaintiff to recovery on *quantum meruit.* The affidavits and pleadings clearly raise an issue of fact as to whether plaintiff was discharged before he completed his services or whether he completed his services by collaboration with defendant's other counsel — the counsel who was instrumental in retaining plaintiff in the first instance. Such an issue should not be determined on the conflicting affidavits which present different versions of the events and from which different inferences may well be drawn. In effect, by directing an assessment of damages based on *quantum meruit,* the court has accepted defendant's version of the disputed facts and has stricken out plaintiff's cause of action based on express contract. This, on the record presented, the court may not do. The plaintiff having alleged both theories and the affidavits and pleadings having created an issue of fact as to whether one theory or the other ultimately will be established, plaintiff is entitled to submit his case to the jury (or other trier of the facts) on both theories. He cannot be deprived of that right or compelled to make an election between the two theories or relegated to recovery based solely on *quantum meruit* (*Smith* v. *Kirkpatrick,* 305 N. Y. 66; *Byrne* v. *Gillies Co.,* 144 App. Div. 677; *Rubin* v. *Cohen,* 129 App. Div. 395; 2 Clark, New York Law of Contracts, § 837). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.