NATHAN M. SAMUELS, Respondent, *v.* MAX SCHILLER and Another, Appellants.

First Department, April 6, 1923.

**Contracts — action upon quantum meruit to recover for work, labor and services — verdict in favor of plaintiff cannot be sustained where recovery at trial was based on theory that plaintiff was entitled to commissions under written contract and where there was no proof of performance of services — verdict of jury was compromise.**

A verdict in favor of the plaintiff in an action upon *quantum meruit* to recover for work, labor and services performed as a salesman cannot be sustained, where the plaintiff was permitted to recover upon the theory that the action was for commissions under a written contract and where no evidence was offered by the plaintiff that he actually performed any services or made any sales as alleged in the complaint.

Furthermore, under plaintiff's claim as finally asserted and the proofs offered, plaintiff was entitled to recover, if anything, $1,461.30, and, therefore, the verdict of the juty in favor of the plaintiff for $974.07 was clearly a compromise one and invalid.

APPEAL by the defendants, Max Schiller and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of May, 1922, upon the verdict of a jury, and also from an order

First Department, April, 1923.                    [Vol. 205

entered in said clerk's office on the 2d day of June, 1922, denying defendants' motion for a new trial made upon the minutes, as resettled by an order entered in said clerk's office on the 12th day of June, 1922.

*Isidor Frey* [*Sidney A. Clarkson* of counsel], for the appellants.

*Otto A. Samuels,* for the respondent.

MERRELL, J.:

The complaint alleges that the plaintiff at the special instance and request of the defendants did, rendered and performed for said defendants divers work, labor and services as a salesman in selling their goods, at the agreed price and reasonable value of $18,000, which said sum the defendants promised and agreed to pay the plaintiff; but that no part thereof had been paid, except the sum of $13,000, leaving a balance of $5,000 due and owing from the defendants to the plaintiff, for which judgment was demanded, with interest and costs of the action. Under the allegations of the complaint the action was upon a *quantum meruit* for services performed.

The answer admitted that the plaintiff rendered and performed certain work, labor and services as a salesman selling goods for the defendants, who were manufacturers and dealers in ladies' underwear; and aside from admitting the defendants were copartners in business, upon information and belief, it denied each and every allegation in the complaint contained not before expressly admitted. As a second separate and further answer to the complaint the defendants allege that on or about April 13, 1914, the plaintiff and the defendants entered into a contract whereby the plaintiff agreed to work for the defendants as salesman upon commission, a copy of which contract was annexed to said answer; and that thereafter the said plaintiff did render certain work, labor and services as salesman under and pursuant to said contract, for which he was fully paid by the defendants. As a further separate answer and defense to said complaint the defendants in their answer allege that monthly after the plaintiff commenced work under said contract there was prepared by defendants' bookkeeper an itemized statement showing what goods had been sold by the plaintiff and orders therefor accepted by the defendants, and what commissions plaintiff had earned during the preceding months, also showing what moneys had been advanced to the plaintiff by the defendants; and that such statement was delivered to the plaintiff each month; that there were also delivered to the plaintiff certain samples by the defendants, which it was the plaintiff's duty to return to defendants; but that only a portion thereof

was returned; that the monthly statements made by the defendants to the plaintiff were accepted by him; and that the plaintiff accepted full payment for his services under said contract. As a counter-claim the defendants alleged that the plaintiff is indebted to the defendants in a balance of $1,396.93 for moneys advanced him under the contract and for samples which he had disposed of and failed to account for or return to the defendants. Upon the trial the plaintiff claimed a balance due him, as shown by figures obtained from the defendants, in the sum of $1,461.30. The jury by their verdict awarded the plaintiff $974.07, upon which the judgment appealed from in plaintiff's favor and against the defendants for $1,262.78 was entered.

The judgment must be reversed and a new trial ordered upon two grounds: *First,* the plaintiff was permitted to recover upon a theory different from that alleged in the complaint, and no evidence under the allegations of the complaint was presented at the trial to justify the verdict in plaintiff's favor. *Second,* the verdict of the jury was clearly a compromise one and unsupported by the evidence. The complaint was drawn, as before stated, upon the theory of *quantum meruit,* the plaintiff complaining for work, labor and services rendered and performed by the plaintiff for the defendants at the defendants' request at the agreed price and reasonable value stated in the complaint. The plaintiff at the trial gave no evidence as to what services he had performed or as to what goods he had sold, but to establish a cause of action relied upon a statement furnished by the defendants as to the amount of goods sold to customers, without showing by whom said sales were made. Forsaking the allegations of his complaint, the plaintiff sought to recover upon a theory entirely different from that alleged, and founded upon the terms of a written contract of employment. The defendants seasonably objected to the proofs offered by the plaintiff in support of the cause of action alleged in his complaint, but defendants' objections were overruled and the testimony was received. Unquestionably the plaintiff was entitled to offer in evidence the written contract for the purpose of showing his employment and the value of his services, but he was not relieved from the necessity of proving the performance of the services for which he had sued. (*Farron* v. *Sherwood,* 17 N. Y. 227.) The plaintiff gave no evidence that he made any sales whatever, and yet he was allowed to recover upon the theory that he had earned commissions on sales made by the defendants pursuant to the terms of the written contract. Plaintiff testified that after defendants had assigned to him as his territory all of the State of New York, except Greater New York, he traveled for the defendants,

visiting certain towns, and sent in certain unspecified orders. What towns he visited or what orders he sent in did not appear, nor was the amount of such orders shown. There was no proof whatever as to when the goods were sold, at what price, or what of said orders sent in by the plaintiff were accepted by the defendants. In the absence of proof of performance of services by the plaintiff no recovery was authorized. No evidence whatever was given from which the jury could have found in plaintiff's favor in the sum of $974.07, the amount of the verdict rendered. Under plaintiff's claim as finally asserted and under the proofs offered, if properly pleaded, the plaintiff was entitled to recover, if anything, $1,461.30. There was no basis whatever for the verdict rendered.

The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellants to abide the event.

DOWLING, SMITH, PAGE and FINCH, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellants to abide event.